June D. Coleman - 191890
Jennifer S. Gregory - 228593
ELLIS, COLEMAN, POIRIER, LAVOIE,
  & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA  95825
Tel: (916) 283-8820
Fax: (916) 283-8821
jcoleman@ecplslaw.com
jgregory@ecplslaw.com

Attorneys for Defendant Defendant RICKENBACKER COLLECTION dba RICKENBACKER GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHIXUN SAMUEL SUN,<br><br>    Plaintiff,<br><br>v.<br><br>RICKENBACKER COLLECTION dba RICKENBACKER GROUP,<br><br>    Defendant. | Case No.:<br>Superior Court Case No.:  109CV155169<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(b) (FEDERAL QUESTION)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant ("Defendant") hereby removes to this Court the state court action described below:

1.    On October 20, 2010, an action was commenced in Superior Court, State of California, County of Santa Clara, entitled ZHIXUN SAMUEL SUN, Plaintiff, v. RICKENBACKER COLLECTION dba RICKENBACKER GROUP, as case number 109CV155169.

2.    On or about November 24, 2009, Defendant was served with the Summons and Complaint attached hereto as **Exhibit A**.

3.    On or about March 5, 2010, Defendant received Plaintiff's Case Management Statement, attached hereto as **Exhibit B**, which set forth claims under the Fair Credit Reporting Act,

- 1 -

1   15 U.S.C. §§ 1681, *et seq.,* and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*

2       4.      A true and correct copy of Defendant's Answer is attached hereto as **Exhibit C**.  A true

3   and correct copy of Defendant's Proof of Service for the Answer serving Mr. Sun is attached hereto as

4   **Exhibit D**.  A true and correct copy of Defendant's Case Management Statement is attached hereto as

5   **Exhibit E**.

6       5.      This Court has jurisdiction to hear this case because this action is a civil action of which

7   this Court has original jurisdiction under **28 U.S.C. § 1331**, and is one which may be removed to this

8   Court by defendant pursuant to the provisions of **28 U.S.C. § 1441(b)** in that it arises under the federal

9   Fair Debt Collection Practices Act (**15 U.S.C. §§ 1692, *et seq.***) and Fair Credit Reporting Act (**15

10  U.S.C. §§ 1681, *et seq.***).

11  Dated: March 11, 2010

                            ELLIS, COLEMAN, POIRIER, LAVOIE, &
12                          STEINHEIMER LLP

13
                            By _____
14                             June D. Coleman
                               Attorney for Defendant
15                             Rickenbacker Collection dba Rickenbacker Group

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(b) (FEDERAL QUESTION)

**CERTIFICATE OF SERVICE**

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On March 11, 2010, I served the following document(s) on the parties in the within action:

NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(b) (FEDERAL QUESTION)

| | |
|---|---|
| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |

| | |
|---|---|
| Zhixun Samuel Sun<br>10390 Calvert Drive<br>Cupertino, CA 95014 | Attorneys for<br>PRO PER |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on March 11, 2010.

By _____
Jennifer E. Mueller

- 3 -

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL) RECEIVED

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NOV 2 5 2009

Rickenbacker Collection aka Rickenbacker Group

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Zhixun Samuel Sun

SS49162-L6

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
2009 OCT 20  AM II: 14

David H. Yamasaki, Chief Executive Officer/Clerk
County of Santa Clara, California
By _____ Deputy Clerk

A. FLORESCA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Santa Clara County Superior Court<br>191 N. First St.<br>San Jose, CA 95113 | CASE NUMBER:<br>*(Número del Caso):*<br>**1 0 9 0 V 1 5 5 1 6 9** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jan Van Dusen, SBN 142700, Law Offices of Vivian Lu, 35485-B Dumbarton Court, Newark, CA 94560

| DATE: **OCT 20 2009**<br>*(Fecha)* | Clerk, by | **DAVID E YAMASAKI**<br>Chief Executive Officer/Clerk<br>*(Secretario)* | A. FLORESCA , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Rickenbacker Collection, aka Rickenbacker Group

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* business organization, form unknown
4. ☐ by personal delivery on *(date):*  11/24/9

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jan Van Dusen, SBN 142700<br>Law Offices of Vivian Lu<br>35485-B Dumbarton Court<br>Newark, CA 94560 | **ENDORSED** |
| TELEPHONE NO: 510-494-1188(T) FAX NO. (Optional): 510-494-1166(F) | 2009 OCT 20 AM II: 14 |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): Plaintiff Zhixun Samuel Sun | David H. Yamasaki, Chief Exec. Officer/Clerk of the Superior Court<br>County of Santa Clara, California |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA | By: |
| STREET ADDRESS: 191 N. First Street | Deputy Clerk<br>A. FLORESCA |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: San Jose, CA 95113 | |
| BRANCH NAME: Downtown Superior Court | |

PLAINTIFF: Zhixun Samuel Sun

DEFENDANT: Rickenbacker Collection aka Rickenbacker Group

[✓] DOES 1 TO 50

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death | |
|---|---|
| [ ] AMENDED (Number):<br>Type (check all that apply): Negligent/Intentional<br>[ ] MOTOR VEHICLE [✓] OTHER (specify): interference w/economic<br>[ ] Property Damage [ ] Wrongful Death Advantage + infliction<br>[ ] Personal Injury [✓] Other Damages (specify): of emotional<br> distress | CASE NUMBER:<br>**1 0 9 CV 1 5 5 1 6 9** |
| Jurisdiction (check all that apply):<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>Amount demanded [ ] does not exceed $10,000<br> [ ] exceeds $10,000, but does not exceed $25,000<br>[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br> [ ] from limited to unlimited<br> [ ] from unlimited to limited | |

1. Plaintiff (name or names): Zhixun Samuel Sun

alleges causes of action against defendant (name or names):
Rickenbacker Collection aka Rickenbacker Group

2. This pleading, including attachments and exhibits, consists of the following number of pages: 6

3. Each plaintiff named above is a competent adult (4-3a)
  a. [ ] except plaintiff (name):
    (1) [ ] a corporation qualified to do business in California
    (2) [ ] an unincorporated entity (describe):
    (3) [ ] a public entity (describe):
    (4) [ ] a minor [ ] an adult
      (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
      (b) [ ] other (specify):
    (5) [ ] other (specify):
  b. [ ] except plaintiff (name):
    (1) [ ] a corporation qualified to do business in California
    (2) [ ] an unincorporated entity (describe):
    (3) [ ] a public entity (describe):
    (4) [ ] a minor [ ] an adult
      (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
      (b) [ ] other (specify):
    (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 5

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death

Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Zhixun Samuel Sun v. Rickenbacker Collection aka Rickenbacker Group | |

4. ☐ Plaintiff *(name)*:

    is doing business under the fictitious name *(specify)*:

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
  a. ☑ except defendant *(name)*: Rickenbacker
    (1) ☑ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe)*:

    (4) ☐ a public entity *(describe)*:

    (5) ☐ other *(specify)*:

  c. ☐ except defendant *(name)*:
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe)*:

    (4) ☐ a public entity *(describe)*:

    (5) ☐ other *(specify)*:

  b. ☐ except defendant *(name)*:
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe)*:

    (4) ☐ a public entity *(describe)*:

    (5) ☐ other *(specify)*:

  d. ☐ except defendant *(name)*:
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe)*:

    (4) ☐ a public entity *(describe)*:

    (5) ☐ other *(specify)*:

  ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
  a. ☐ Doe defendants *(specify Doe numbers)*: _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
  b. ☐ Doe defendants *(specify Doe numbers)*: _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
  a. ☐ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☑ other *(specify)*:
    Defendant Rickenbacker Collection aka Rickenbacker Group, business form unknown, resides in its jurisdictional area, and interference with Plaintiff's economic advantage occurred in its jurisdictional area.

9. ☐ Plaintiff is required to comply with a claims statute, and
  a. ☐ has complied with applicable claims statutes, or
  b. ☐ is excused from complying because *(specify)*:

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Zhixun Samuel Sun v. Rickenbacker Collection aka Rickenbacker Group | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

    a. ☐ Motor Vehicle
    b. ☑ General Negligence
    c. ☑ Intentional Tort
    d. ☐ Products Liability
    e. ☐ Premises Liability
    f. ☐ Other *(specify)*:

11. Plaintiff has suffered
    a. ☐ wage loss
    b. ☐ loss of use of property
    c. ☐ hospital and medical expenses
    d. ☑ general damage
    e. ☐ property damage
    f. ☐ loss of earning capacity
    g. ☑ other damage *(specify)*:

    Plaintiff has lost $18,000 in first time homebuyer subsidies plus $90,000+ in mortgage interest over the life of a 30-year mortgage due to Defendant Rickenbacker's false debt reporting, which Defendant has refused to correct.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☑ compensatory damages    ✓ attorney(s) fees
        (2) ☑ punitive damages
    The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:    see page 3a, attached
        (1) ☑ according to proof
        (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: October 7, 2009

Jan Van Dusen, SBN 142700
    (TYPE OR PRINT NAME)

▶ *Jan Van Dusen*
    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Attachment to PLD-PI-001

14. Plaintiff also prays for injunctive relief: an order that Rickenbacker Collection, et al.,
shall immediately remove the negative material it caused to be listed on Plaintiff's credit
report and, to the best of its ability, take all necessary steps to expunge all references to
this negative material in any credit files associated with Plaintiff or with Plaintiff's credit
information.

Zhixun Samuel Sun v. Rickenbacker Collection et al.
Santa Clara County Superior Court Case #_____

3a

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Samuel Zhixun Sun v. Rickenbacker Collection, et al. | |

FIRST _____ **CAUSE OF ACTION—Intentional Tort** Page __4__
(number)

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* Zhixun Samuel Sun

alleges that defendant *(name):* Rickenbacker Collection aka Rickenbacker Group

☑ Does I _____ to 20 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)* April–July 2009
at *(place)* Cupertino, California

*(description of reasons for liability):*

Beginning early in 2009, Plaintiff sought to purchase a home. To his surprise, Plaintiff was refused home loans, and/or refused home loans at favorable interest rates. Plaintiff discovered that Defendant had intentionally and falsely reported that Plaintiff owed a debt, lowering Plaintiff's credit rating by approximately 38 points. Due to this lowered credit rating, Plaintiff has repeatedly been denied affordable credit. He has also been forced to forgo first-time homebuyer subsidies offered by state and federal governments, totaling approximately $18,000. The difference in Plaintiff's interest expense over the life of a 30-year loan due to Defendant's intentional, false debt report will be approximately $90,000, or about $3,000 per year. Home loan interest rates and home prices are likely to continue to increase, pricing Plaintiff out of the housing market altogether while Defendant continues to refuse to remove its false information from Plaintiff's credit file. Meanwhile, Defendant insists that Plaintiff pay the false "debt" and has refused to remove its false information from Plaintiff's credit file.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) (Rev. January 1, 2007)

**CAUSE OF ACTION—Intentional Tort**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
American LegalNet, Inc.

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Zhixun Samuel Sun v. Rickenbacker Collection, et al. | |

SECOND      **CAUSE OF ACTION—General Negligence**    Page 5
_(number)_

ATTACHMENT TO [✓] Complaint [ ] Cross - Complaint

_(Use a separate cause of action form for each cause of action.)_

GN-1. Plaintiff _(name):_ Zhixun Samuel Sun

alleges that defendant _(name):_ Rickenbacker Collection aka Rickenbacker Group

[✓] Does 1 to 20

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on _(date):_ April-July 2009
at _(place):_ Cupertino, California

_(description of reasons for liability):_

Beginning early in 2009, Plaintiff sought to purchase a home. To his surprise, Plaintiff was
refused home loans, and/or refused home loans at favorable interest rates. Plaintiff discovered
that Defendant had falsely reported that Plaintiff owed a debt, lowering Plaintiff's credit rating by
approximately 38 points. Due to this lowered credit rating, Plaintiff has repeatedly been denied
affordable credit. He has also been forced to forgo first-time homebuyer subsidies offered by
state and federal governments, totaling approximately $18,000. The difference in Plaintiff's
interest expense over the life of a 30-year loan due to Defendant's false debt report will be
approximately $90,000, or about $3,000 per year. Home loan interest rates and home prices are
likely to continue to increase, pricing Plaintiff out of the housing market altogether before
Defendant eventually corrects Plaintiff's credit file, if Defendant ever makes any such correction.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Case5:10-cv-01055-JW Document1 Filed03/11/10 Page12 of 69

PLD-PI-001(6)

| SHORT TITLE: Zhixun Samuel Sun v. Rickenbacker Collections | CASE NUMBER: |
|---|---|

## Exemplary Damages Attachment

Page 6

ATTACHMENT TO  ☑ Complaint  ☐ Cross - Complaint

EX-1. As additional damages against defendant (name):
Rickenbacker Collection aka Rickenbacker Group

Plaintiff alleges defendant was guilty of
☑ malice
☑ fraud
☑ oppression
as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

Beginning early in 2009, Plaintiff sought to purchase a home. To his surprise, Plaintiff was refused home loans, and/or refused home loans at the favorable interest rates to which he would have been entitled, but for Defendant's wrongful actions. Plaintiff discovered that Defendant had intentionally and falsely reported that Plaintiff owed a debt, lowering Plaintiff's credit rating by approximately 38 points. Due to this lowered credit rating, Plaintiff has repeatedly been denied affordable credit. He has also been forced to forgo first-time homebuyer subsidies offered by state and federal governments, totaling approximately $18,000. The difference in Plaintiff's interest expense over the life of a 30-year loan due to Defendant's intentional, false debt report will be approximately $90,000, or about $3,000 per year. Home loan interest rates and home prices are likely to continue to increase, pricing Plaintiff out of the housing market altogether while Defendant continues to refuse to remove its false information from Plaintiff's credit file. Meanwhile, Defendant continues to insist that Plaintiff pay the false "debt" and has refused to remove its false information from Plaintiff's credit file until Plaintiff pays.

EX-3. The amount of exemplary damages sought is
a. ☐ not shown, pursuant to Code of Civil Procedure section 425.10.
b. ☑ $ 300,000.00

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

Exemplary Damages Attachment

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT B

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Zhixun Sun 10390 Calvert Dr. Cupertino CA95014 TELEPHONE NO.: (626)3734308 FAX NO. (Optional): E-MAIL ADDRESS (Optional): SUN2X_123@Yahoo.com ATTORNEY FOR (Name): | JCJMJGSSPC RECEIVED MAR 0 5 2010 By NCC-MAIL |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose CA95713
BRANCH NAME: Department 19

PLAINTIFF/PETITIONER: ZHIXUN Samuel SUN

DEFENDANT/RESPONDENT: Rickenbacker Group, INC.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☒ UNLIMITED CASE (Amount demanded exceeds $25,000)   ☐ LIMITED CASE (Amount demanded is $25,000 or less) | 109CV155169 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: Mar 16, 2010   Time: 1:30 pm   Dept.: 19   Div.:   Room:
Address of court (if different from the address above):

☐ Notice of Intent to Appear by Telephone, by (name): NA

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. ☒ This statement is submitted by party (name): ZHIXUN. Samuel SUN
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date): Oct 20 2009
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☒ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in  ☒ complaint   ☐ cross-complaint   (Describe, including causes of action):
   Plaintiff has lost $10,000 in first time home buyer subsidies, and attorney fee $4167.54 due to Defendant's false debt reporting, and will lost $90,000 more for Defendant refuse to correct it.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]
CASE MANAGEMENT STATEMENT
Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: *ZHIXUN Samuel SUN* | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: *Rickenbacker Group I.N.C.* | *109CV155169* |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

*see attachment 4b*

▨  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ▨ a nonjury trial.   *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ▨ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ▨ days *(specify number):*   *1 day*
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ▨ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
▨ This case is entitled to preference *(specify code section):*
*FDCPA 15 U.S.C. 1692e, g, f, k.          FCRA 15 U.S.C. §1681s-2*

10.  **Alternative Dispute Resolution (ADR)**
a.  Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: ZHIXUN Samuel SUN | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Rickenbacker Group INC. | 109CV155169 |

10. d.   The party or parties are willing to participate in *(check all that apply)*:
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify):*

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

11. **Settlement conference**
   ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

   *N.A.*

12. **Insurance**   *N.A.*
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

13. **Jurisdiction**   *N.A.*
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy   ☐ Other *(specify):*
   Status:

14. **Related cases, consolidation, and coordination**   *N.A.*
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 14a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

15. **Bifurcation**   *N.A.*
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16. **Other motions**   *N.A.*
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: *ZHIXUN Samuel SUN* | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: *Rickenbacker Group INC.* | *109CV155169* |

**17. Discovery**

a. ☒ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

*N.A*

**20. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*: *plaintiff ask for a (non)jury trial) defendant demand for bench trial        jury trial*

**21. Total number of pages attached** *(if any)*: *1*

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: *2-22-2010*

*SUN ZHIXUN*

(TYPE OR PRINT NAME) ▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

*SUN ZHI XUN*

(TYPE OR PRINT NAME) ▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**Attachment 4.b.**                                                              **CM-110**
PLAINTIFF:   Zhixun Samuel Sun                  CASE NUMBER: 109CV155169
DEFENDANT:   Rickenbacker Group INC.

Attachment 4.b. Provide a brief statement of the case, including any damages.

Beginning early in 2009, plaintiff sought to purchase a home. To his surprise, plaintiff was refused home loans, and/or refused conventional home loans at favorable interest rates. Plaintiff discovered that Defendant had intentionally and falsely reported that plaintiff owed a debt, lowering plaintiff's credit rating by approximately 54 points and down to 663 points. Under this credit lever, only FHA loan is available to plaintiff. FHA loan will specially required the borrower to buy MIP (Mortgage Insurance Premium) that equal 1.75% of the amount of the loan and MIP will be $ **6, 125. 00**, if the loan $350.000.00 be proved. Plaintiff has also been forced to forgo first-time homebuyer subsidies offered by state and federal governments, totaling **$18, 000**.

Home loan interest rates and home prices will be likely to continue to increase, pricing plaintiff out of the housing market altogether while Defendant continues to refuse to remove its false information from Plaintiff's credit file and to pay "the false debt". Defendant has been ignoring the disputes from plaintiff, two his lawyers and the valid evidences presented since May 5th, 2009. The attorney' fee $ **4,167.54** plus the fee **$355.00** to file a civil litigation was paid by plaintiff. Plaintiff spent more 100 hours to dispute the false debit and the inaccurate credit information furnished by Defendant. Plaintiff's salary rate is $45.00 per hour, the total cost of labor is **$4,500.00**.

Plaintiff's interest expense over the life of a 30-years loan due to Defendant's intentional, false debt report will be approximately **$90,000.00**, or about $3,000.00 per year. Calculated based on a $350,000.00 home loan and the 0.8% interest rate higher than the primary conventional home loan which be disqualified by Defendant. The mental or emotional injuries plaintiff suffered are still not ended due to defendant's refusal to correct his credit record. The actual mental damage will be calculated and updated.

The total actual damage occurred is **$3,3147.54**

The total current actual damage caused by Defendant is **$3,3147.54**. As defendant refuse to correct the false information on Plaintiff's credit report, Defendant will be obligated to the interest expense born by plaintiff for 30 years and is deserved to pay a punitive damages by their willful and illegal practice.

---

ZHIXUN SAMUEL SUN v RICKENBACKER GROUP, INC          Case No: 109CV155169

Zhixun Samuel Sun
10390  Calvert  Dr.
Cupertino CA 95014
Tel:  (626) 373 4308
Date: Feb 14, 2010

ZHIXUN SAMUEL SUN,                    Case No: 109CV155169
          Plaintiff                           **Discovery**
v. RICKENBACKER GROUP, INC            **The Factor and The Claim.**
          Defendant

**SUPERIOR COURT OF THE SATE CALIFORNIA COUNTRY OF SANTA CLARA**
191 North 1st Street
san Jose, CA 95113

# The Facts

**April 24, 2009**  Plaintiff applied for a primary home loan at Wells Fargo Bank, the loan
     processor pulled out his credit report.  As recorded on the credit report, Defendant,
     Rickenbacker Group, INC  alleged Plaintiff obligated a debit of $8810.  Without
     any initial communication or any written notice to plaintiff, Defendant destroyed
     Plaintiff's credit on Mar 2008. Defendant did not verified the "debt" and neither
     provide the address of "original creditor". There is no doubt, Defendant violated
     **15 U.S.C. 1692g (a) (b)** *Validation of debits* and **15 U.S.C. 1681s-2**
     *Responsibilities of furnishers of information to consumer reporting agencies* (a)
     (1) Prohibition (7) (A) Notice to consumer required.
                         *Exhibit 1*    The Plaintiff's Credit Report on Apr 24, 2009
**May 4 , 2009**  Plaintiff  filed a disputer letter to "Rickenbacker". Please Defendant to
     investigate this debt and ask for the address of original creditor
                         *Exhibit 2*    Dispute Letter to Defendant on May 4, 2009
**May 7, 2009**   Defendant responded a letter including **"judgment"** and "supporting
     Document" and ask Plaintiff *"In your own best interest, we urge you to clear this
     account today"*.  Defendant obviously violated **FDCPA 15 U.S.C. 1692e (9), (11),
     (13),** *Falsely Representation or misleading representations*.  Defendant also
     violated **FDCPA 15 U.S.C. 1692f (1)** *Unfair practice*, increased illegally this
     fake debt from original $7,710.00 to $8,861.21.  Defendant also refused to
     provide the address of  "original creditor" and violated **FDCPA 15 U.S.C. 1692g
     (a) (b).**  Defendant's response was in such a short period, within only 3 days even
     including the mailing time, that disclosed that they never do any serious
     investigation or even read plaintiff's disputer letter carefully. Defendant was
     acting as a sort of the juridical system and a law enforcement department. They
     issue the judgment, collect money immediately and  oppress willfully the dispute
     from their victims. Obviously, Defendant violated **FCRA 15 U.S.C. § 1681s-2**
     *Responsibility of procedure in case of disputed accuracy*
                         *Exhibit 3*    The Defendant's letter on May 7,2009
**June 10,  2009**, Plaintiff retained lawyer Edwin Chau to dispute this fake debit and
     supply the evidence of my payment to the "original creditor".
**July 4, 2009**,   Plaintiff filed an electronic dispute to Experian

1

ZHIXUN SAMUEL SUN v RICKENBACKER GROUP, INC                    Case No: 109CV155169

July 9, 2009      Plaintiff's lawyer Edwin Chau sent a Disputer Letter to Defendant
                  and asked them to cease collection activities and immediately notify all credit
                  bureaus t restore plaintiff's credit record. Plaintiff paid $885.54 fees to Lawyer
                  Edwin Chau

                        *Exhibit 4*        The Dispute Letter of lawyer Edwin Chau
                        *Exhibit 5*        The Receipt of $885.54
September 15, 2009, Plaintiff retained lawyer Vivian Lu to file the civil lawsuit against
                  Defendant on The Court of Santal Clara and try to restore his credit record and to
                  recover actual damages suffered.
                        *Exhibit 6*        The Receipt of $ 355 filing fee
October 15, 2009  Plaintiff credit report supplied by Experian showed that Defendant
                  increased this false debit up to $ 8,992 from $ 8,861.21 and alleged the debt was
                  seriously past due date. The credit report also has a Consumer Statement: Account
                  was paid before being turned over to a collection agency. Again, Defendant
                  willfully violated **FDCPA 15 U.S.C. 1692f (1)** *Unfair practice.*
                        *Exhibit 7*   The Credit Report of Experian on Oct 15, 2009
December 3, 2009  Defendant sent a notification of closure of the collection account
                  against plaintiff.         *Exhibit 8* Defendant' notice to close the collecting account
December 10, 2009, Defendant sent a notification of closure of the collection account
                  against  and initiated to remove "the item" from credit reporting.
                        *Exhibit 9* Defendant's notice to close the collecting account
December 15, 2009  Plaintiff paid $3282.00 of attorney fee to lawyer Vivian Lu.
                        *Exhibit 10* Lawyer Vivian Lu' Receipt of $ 3,282.00
December 22, 6:32 pm, 2009,  a reprehensive of Defendant ask me to drop the lawsuit
                  against them, try to solve the dispute out of the court and said that on July, 2009
                  the plaintiff credit record has been corrected.  Plaintiff indicated that his credit
                  report checked out from the Bank of American on November 2009 and defendant'
                  "Notification" on December 10,  2009 are talking another story.  Plaintiff as her to
                  send over a letter to notice their motion, But Defendant never communicate with
                  Plaintiff since then.
January 7, 2010,  Plaintiff's Credit Report pulled out by Bank of Wells Fargo show his
                  credit score is 663, same as  8 months ago.  There 40 points due to derogatory
                  collection filed and 14 points due to length of time have been established, total 54
                  points has been deducted from Plaintiff' credit score by the false report supplied
                  by Defendant.  Defendant failure to rescind or expunge all negative information
                  and references from Plaintiff credit file promptly. There is no any relief from the
                  actual damages caused by Defendant's illegal practice of collection and those
                  damages are continually exist.
                        *Exhibit 11* Plaintiff" credit report from Wells Fargo bank
January 7, 2010,  Due to the Credit damage caused by Defendant, Plaintiff only can get
                  a FHA loan from Wells Fargo bank or from the Bank of America with a higher
                  interest rate 5.85% (normal rate is 5.0 % at same period)
                        *Exhibit 12* Preapproval Letter from Wells Fargo Bank.
                        *Exhibit 13*  Preapproval Leter from Bank of America

2

ZHIXUN SAMUEL SUN v RICKENBACKER GROUP, INC          Case No: 109CV155169

# The Claim

By the civil law of FDCPA 15 U.S.C. 1682k Civil liability and FCRA § 1679g Civil liability, Defendant is liable to plaintiff's actual damages and attorney's fee and also deserved to pay the punitive damages for their intentionally frequent and persistent non-compliance to the above laws.

Beginning early in 2009, plaintiff sought to purchase a home. To his surprise, plaintiff was refused home loans, and/or refused conventional home loans at favorable interest rates. Plaintiff discovered that Defendant had intentionally and falsely reported that plaintiff owed a debt, lowering plaintiff's credit rating by approximately **54** points and down to **663** points. Under this credit lever, only FHA loan is available to Plaintiff. FHA loan will specially required the borrower to buy MIP (Mortgage Insurance Premium) that equal 1.75% of the amount of the loan and MIP will be **$ 6, 125. 00**, if the loan $350.000.00 be proved. Plaintiff has also been forced to forgo first-time homebuyer subsidies offered by state and federal governments, totaling **$18, 000.** due to Defendant persistently refuse to correct Plaintiff's credit record and insistently collect this false debit.

Home loan interest rates and home prices will be likely to continue to increase, pricing plaintiff out of the housing market altogether while Defendant continues to refuse to remove its false information from Plaintiff's credit file and to pay "the false debt". Defendant has been ignoring the disputes from plaintiff, two his lawyers and the valid evidences presented since May 5th, 2009. The total attorney' fee **$ 4,167.54** plus the filling fee **$355.00** to initiate a civil lawsuit was paid by plaintiff. Plaintiff spent more 100 hours to dispute the false debit and the inaccurate credit information furnished by Defendant. Plaintiff's salary rate is $45.00 per hour, the total cost of labor is   **$4,500.00**.
The total current actual damage caused by Defendant is **$3,3147.54**

Plaintiff's interest expense over the life of a 30-years loan due to Defendant's intentional, false debt report will be approximately **$90,000.00**, or about $3,000.00 per year. Calculated based on a $350,000.00 home loan and the 0.8% interest rate higher than the primary conventional home loan which be disqualified by Defendant. The mental or emotional injuries Plaintiff suffered are still not ended due to defendant's refusal to correct his credit record. The actual mental damage will be calculated and updated.

As defendant persistently refuse to correct the false information on Plaintiff's credit report, Defendant will be obligated to the loan interest expense born by Plaintiff for 30 years and deserved to pay the punitive damages by their willful and persistent illegal practice. The evidence document will present to the Court for further claims as soon as Plaintiff's loan be proved.

Exhibit 1-1

```
------------------------------------------------------------------
REF:1-08373-07393-0000 04/24/2009      TID:1-08373-07393 04/24/2009 14:57:18
Rels Credit - Instant Merge Credit Report        Acct: 3357788
Prepared for: WELLS FARGO BANK NA                Notes: AU035755
Requested: EFX, XPN, TUC - I                     Delivered: EFX, XPN, TUC
------------------------------------------------------------------
App: SUN, ZHI XUN                                Ssn: 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
Curr Addr: 10390 CALVERT DR, CUPERTINO, CA 95014
------------------------------------------------------------------
                    WELLS FARGO SUMMARY
                    -------------------
```

| ACCOUNT DISTRIBUTION | | | CURRENT STATUS (tradelines) | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Account Type | Count | Balance | Payments | Curr | Clsd | Unrt | 30 | 60 | 90+ |
| Real Estate | 1 | $0 | $0 | - | 1 | - | - | - | - |
| Installment | 2 | $301 | $301 | 1 | 1 | - | - | - | - |
| Revolving | 16 | $104 | $25 | 11 | 5 | - | - | - | - |
| Other | 3 | $8,997 | $0 | - | - | - | - | - | 3 |
| Total | 22 | $9,402 | $326 | 12 | 7 | - | - | - | 3 |

```
INQUIRIES              PUBLIC RECORDS    HISTORICAL DELINQUENCIES(count)
```

| INQUIRIES | | PUBLIC RECORDS | | HISTORICAL DELINQUENCIES (count) | | | |
|---|---|---|---|---|---|---|---|
| 3 Month Total | 1 | EFX | N/A | Account Type | LastDlq | 30 | 60 | 90+ |
| Elim. same day | - | XPN | N/A | Real Estate | | - | - | - |
| Adjusted Total | 1 | TUC | N/A | Installment | 11/07 | - | - | 1 |
| New Trades(6 mon) | 0 | Last 2yrs N | | Revolving | 11/07 | 3 | 2 | 24 |
| | | | | Other | | - | - | 3 |
| Oldest Trd: 06/97 | | On File: 04/96 | | Total | | 3 | 2 | 28 |

```
------------------------------------------------------------------
Only Applicant/Co-applicant information included in the Summary.
                    BUREAU SCORE INFORMATION
                    ------------------------
EFX BEACON 5.0          (APP) = 621 Factor: 00038, 00013, 00018, 00020
  00038 SERIOUS DELINQUENCY, AND DEROGATORY PUBLIC RECORD OR COLLECTION FILED
  00013 TIME SINCE DELINQUENCY IS TOO RECENT OR UNKNOWN
  00018 NUMBER OF ACCOUNTS WITH DELINQUENCY
  00020 LENGTH OF TIME SINCE DEROGATORY PUBLIC RECORD OR COLLECTION IS TOO
        SHORT
  * Number of Inquiries Adversely Affected the Score
XPN FICO-II             (APP) = 664 Factor:  38,   18,   20,   14
  38 SERIOUS DELINQUENCY AND PUBLIC RECORD OR COLLECTION FILED
  18 NUMBER OF ACCOUNTS WITH DELINQUENCY
  20 TIME SINCE DEROGATORY PUBLIC RECORD OR COLLECTION IS TOO SHORT
  14 LENGTH OF TIME ACCOUNTS HAVE BEEN ESTABLISHED
  * Number of Inquiries Adversely Affected the Score
TUC FICO Classic 98     (APP) = 670 Factor:  038,  020,  002,  014
  038 SERIOUS DELINQUENCY, AND PUBLIC RECORD OR COLLECTION FILED
  020 LENGTH OF TIME SINCE DEROGATORY PUBLIC RECORD OR COLLECTION IS TOO SHORT
  002 LEVEL OF DELINQUENCY ON ACCOUNTS
  014 LENGTH OF TIME ACCOUNTS HAVE BEEN ESTABLISHED
                    --- Page 1 of 1 ---
```

```
------------------------------------------------------------
REF:1-08373-07393-0000 04/24/2009      TID:1-08373-07393 04/24/2009 14:57:18
Rels Credit - Instant Merge Credit Report      Acct: 3357788
Prepared for: WELLS FARGO BANK NA              Notes: AU035755
Requested: EFX, XPN, TUC - I               Delivered: EFX, XPN, TUC
------------------------------------------------------------
App: SUN, ZHI XUN                              Ssn: 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
Curr Addr: 10390 CALVERT DR, CUPERTINO, CA 95014
------------------------------------------------------------
              ****** DEROGATORY ITEMS ******

Account Name/Number (Sources)                Past due      Last
     Open      High   Payment   Balance MOP  Status Rptd 30 60 90+ MR Dlq
------------------------------------------------------------
Accounts under Applicant:
-------------------------
  1. RICKENBACKER GROUP/1000117780554 (EFX-163YC03560*,XPN*,TUC*)
   I 11-07     8810       N/A      8810 Y-9 COLL/P&L 04-09  - - -   14
     Hist:  04-09 9999999999---9              LACT  04-09 APP
     Ctgy:  COLLECTION                        Term: REV
     CN: XIANG QUN LI
     UNPAID
     ACCT IN DISPUTE
     ACCT SUBMITTED TO COLLECTION COLL 03-08
     PAST DUE PAST $8810
  2. BANK OF AMERICA/545 (EFX-416BB01228*,XPN*,TUC*)
   I 09-98     107       15       104 R-9 COLL/P&L 05-08 02 01 24  84 03-04
     Hist:  05-08 99111199999999999999999     CLSD  05-08 APP
     Ctgy:  CREDIT CARD                        Term: REV   Lmt: 2000
     Lates: ADDT'L LATES PRIOR TO 5-06
     ACCT SUBMITTED TO COLLECTION COLL 11-07
     CHARGE OFF CHRG $78 CHRG 01-04
     CLOSED BY CREDITOR
     PAST DUE PAST $84
  3. NCO FIN/22/1538 (EFX-496FY00053*,XPN*,TUC*)
   I 04-07      96       N/A       96 Y-9 COLL/P&L 04-09  - - -   62
     Hist:  04-09 9-----------999999999999     LACT  04-09 APP
     Ctgy:  COLLECTION                        Term: REV
     CN: NCO/ASGNE OF SBC
     ACCT SUBMITTED TO COLLECTION COLL 05-07
     PAST DUE PAST $96
  4. CBA/1234 (TUC-Y0720M001*)
   I 09-08      91       N/A       91 Y-9 COLL/P&L 11-08  - - - -
     Hist:  11-08 9                            LACT  11-08 APP
     Ctgy:  COLLECTION                        Term: REV
     CN: 10 AT T CALIFORNIA
     ACCT SUBMITTED TO COLLECTION COLL 11-08
                        --- Page 1 of 7 ---
```

*artperteso*

*bill*

*collo*

## Dispute Letter                    Exhibit 2

May 4. 2009
Zhixun  Sun
10390 Calvert Dr
Cupertino, CA 95014
Tele: (626) 373 4308

Customer Service
Agent: A Peterson
**Rickenbacker Group**
15005 Concord Cir, Morgan Hill  CA 95037
(408) 762-7200

Dear Sir or Madam:

I am writing to dispute the following information in my file. The copies of the items I dispute was included.

Identify item disputed **Rickenbacker Group** (XPN-6980238) is inaccurate or incomplete because:

I did not owned any debt to your "original creditor", Xiang Qun Li.  The bill of $8.997.00 was made based only on his misunderstanding.  That actual event happed as following:

On May 2007, I wen to work at a hospital at the north California, I asked Mr. Li to take care my business at Los Angeles for a month temporarily, I would pay him $25.00 per hour for the medical ultrasound diagnostic study in my customer's facilities and using my ultrasound machine and my vehicle. If Mr. Li like to buy all equipments and the vehicle (worth $ 50,000.00) and take over my business,  he can collect the service fee directly from the customers **afterward**.  I also advised Mr. Lee try to practice my business for a mouth to see how profitable it is.

I come back to Los Angeles on June 2006. Mr. Li in deed worked in my customer's facility for 10 X half days that equal to 40 hours and did collect $ 1,500.00 by himself from one of my customer, Dr. Yao Zhi (his clinic located at 228 N. Garfield Street, #302  Monterey Park CA 91754 Tel:626)288 3219, that amount money was far more than salary he deserved. I thought the deal was over and settled, even he damaged my vehicle and many customers complained his job unsatisfactorly.  At the end, Mr. Li had no the ability to buy my business and equipments, but he was keeping ask more money and make a bigger bills to harassed me.  I patiently explained to him what difference income and cost exist between a boss and an employee. Once being a business owner,  Mr. Li can collect all amount of money your from the customers. Until today, Mr. Li can not understand the America's economic system how to work and keeping ask more money and more money.  I advised Mr. Li go to a small claim court to settle this dispute,

but he make another bill bigger than the small court can handle. Really, he had showed two different bills to me and ask me to choose one. The bill which he make landed on the your company at last.

It is my legal right to ask your company to investigate this case. It is easily to do at fingertip and all information available at website ARDMS America Register Diagnosis Medical Sonographer, by common sense, you company can just to look at how much salary per hour for a medical ultrasound diagnostic technician can earn, and how much Medicare' imbursement to pay for these study, you will surprise that Mr. Li has claimed even more money than the U.S. government can affordable, including the technique component and professional component, neither affordable to me. Just compare how much Mr. Lee claim with the amount Medicare will pay for an abdomen ultrasound study.

I am requesting that the item be deleted. Please investigate this matter and delete the disputed item as soon as possible.

Again, you and your company violate the Fair Debt Collection Practices Act (FDCPA)
1) You and your company sent out inaccurate credit information.
2) As a legal or professional debit collector, you should contact me at least one time, sent to me a validation notice or make a little effort to verified this "Bill". But you did nothing, except sending out an inaccurate credit report and ruining my credit.
3) I don't think your agent A Peterson behavior properly. When I asked him if there is any legal document, such as the court order, the contract to support this "bill", His answer is negative. It is a kind of threat to ruin my credit to pay this bill "Will you to pay this bill? This call was last too long!" Peterson was impatiently. I said "No." "The report would not be removed." He is doing thing backward. It is the common sense to investigate first and to listen both parties' statement, and that will help your business a lot.
4) Right now, you company is fully liable to my loss of 38 credit point and the consequent financial loss occur when I have accept a much higher interest loan than a regular 30 years loan. The accurate amount of loss will calculate and notice to your company.

Anyway, I have to defense for myself in every legal way to cover this biggest financial loss in my life.


Sincerely,
Zhixun Sun

ZHIXUN SAMUEL SUN v RICKENBACKER GROUP, INC

**Defendant's Letter with a "judgment"**

MAY 07, 2009


ACCOUNT NO:554962-6
SUN,ZHIXUN SAMUEL
10390 CALVERT DR
CUPERTINO CA 95014


RE:  XIANG QUN LI


TOTAL DUE:    8,861.21


Dear  SUN,ZHIXUN SAMUEL


We have investigated your dispute on this debt and we do not consider your
dispute valid. Your debt is now in immediate collection status.

In your own best interest, we urge you to clear this account today
Please contact this office and make the arrangements.


Sincerely,


JAZZMINE MARTIN
(888)-264-1376 EXT7770

Enclosed is a copy of the judgement and or supporting documentation.

This is an attempt to collect a debt and any information obtained will be
used for that purpose. This communication is from a debt collector.

NOTICE: Please see reverse side for important information.

ADW/1106

*Supporting documentation*

Alessandra:

I am Shawn Lee (Xiangqun Li), an ultrasound tech. I worked for Reassuring Ultrasound

Imaging Inc. under Samuel Sun (Zhixun Sun) to do medical diagnostic ultrasound

procedures during 05/31/2006 – 07/07/2006.

The total work that I performed for him is 74 procedures and total amount of these

procedures are $ . 7710.00

Mr. Sun has not paid me yet until 11/02/07.

I have four documentations for you:

1. The price list which Mr. Sun gave me in Mar 2006 to let me know how much I can get

   for each case.

2. My work's list from 5/31/2006 to 7/7/2006 and the total amount of the money I should

   get.

3. The sample of preliminary report and the formal report with radiologist's signature.

4. This saturation has been mentioned in the agreement between Xiangqun li and Dr.

   Dustin Zhi Zeng on July 26, 2006.

Thank you very much.

                                        Shawn Lee (Xiangqun Li)

                                        11/02/2007



# Reassuring Medical Ultrasound Diagnosis Service

10514 Lower Azusa Rd El Monte CA 91731
(626) 373-4308 (Cell)  (626) 444 5858 (Office)

A fully registered medical sonographer, RDMS, RDCS, RVT
equipped with a new HP Sonos 5500 unit and provides mobile service in the fields of
ultrasound medical diagnosis, vascular Doppler, obstetric-gynecology, and
echocardiography

## The Tests and Fee

| TEST | CPT Code | Price |
|------|----------|-------|
| Abdominal Study | 76700 | $ 70 |
| Aorta Duplex Study | 93978 | $100 |
| Artery of The Legs | 93925 | $100 |
| Breast Examination | 76645 | $ 70 |
| Carotid Artery | 93880 | $100 |
| Echocardiography | 93307, 93325, 93320 | $120 |
| Female Pelvis | 76856 | $ 70 |
| Pregnancy 1st Trimester | 76801 | $ 70 |
| Pregnancy 2~ 3 Trimester | 76805, 76811 | $100 |
| Prostate Study | 76873 | $ 70 |
| Renal Artery Study | 93975 | $ 70 |
| Renal & Retroperitoneal | 76770 | $ 70 |
| Scrotum Study | 76870 | $ 70 |
| Thyroid Study | 76536 | $ 70 |
| Vein of The Legs | 93970 | $120 |

## Dr. Dustin Zhi Zeng's office

| | Exam Date | Patient's last name | Referring Dr. | Procedure | Report Drop Date | Report Return Date | Amount |
|---|---|---|---|---|---|---|---|
| 1 | 05.31.06 | Li, | Dustin Zhi Zeng | Venous | 05.31.06 | 06.07.06 | 120 |
| 2 | | Chan, | Dustin Zhi Zeng | ECHO | | | 120 |
| 3 | 06.02.06 | Liu, | Dustin Zhi Zeng | Abdomen | 06.03.06 | | 70 |
| 4 | | Liu, | Dustin Zhi Zeng | ECHO | | | 120 |
| 5 | | Guo, | Dustin Zhi Zeng | ECHO | | | 120 |
| 6 | 06.08.06 | Gao, | Dustin Zhi Zeng | ECHO | 06.09.06 | 06.15.06 | 120 |
| 7 | | Wen, | Dustin Zhi Zeng | ECHO | | | 120 |
| 8 | | Wen, | Dustin Zhi Zeng | Carotid | | | 120 |
| 9 | 06.10.06 | Chu, | Dustin Zhi Zeng | Abdomen | 06.13.06 | | 100 |
| 10 | | Chu, | Dustin Zhi Zeng | Prostate | | | 70 |
| 11 | | Yuan, | Dustin Zhi Zeng | Carotid | | | 100 |
| 12 | | Yuan, | Dustin Zhi Zeng | ECHO | | | 120 |
| 13 | | Tao, | Dustin Zhi Zeng | ECHO | | | 120 |
| 14 | 06.14.06 | Lee, | Dustin Zhi Zeng | ECHO | 06.15.06 | | 120 |
| 15 | | Lee, | Dustin Zhi Zeng | Carotid | | | 120 |
| 16 | | Chan, | Dustin Zhi Zeng | ECHO | | | 100 |
| 17 | | Chan, | Dustin Zhi Zeng | Carotid | | | 120 |
| 18 | | Zhou, | Dustin Zhi Zeng | ECHO | | | 120 |
| 19 | | Zhou, | Dustin Zhi Zeng | Carotid | | | 100 |
| 20 | | Lee, | Dustin Zhi Zeng | Abdomen | | | 70 |
| 21 | 06.19.06 | Jin, | Dustin Zhi Zeng | ECHO | 06.26.06 | 06.30.06 | 120 |

| No. | Date | Last Name | First Name | Test | | | Value |
|---|---|---|---|---|---|---|---|
| 22 | | Jin, | Dustin Zhi Zeng | Venous | | | 100 |
| 23 | | Jin, | Dustin Zhi Zeng | Abdomen | | | 70 |
| 24 | | Yan, | Dustin Zhi Zeng | ECHO | | | 120 |
| 25 | 06.20.06 | Hsu, | Dustin Zhi Zeng | ECHO | | | 120 |
| 26 | | Chen, | Dustin Zhi Zeng | ECHO | | | 120 |
| 27 | | Chen, | Dustin Zhi Zeng | Carotid | | | 120 |
| 28 | | Lin, | Dustin Zhi Zeng | ECHO | | | 100 |
| 29 | | Lin, | Dustin Zhi Zeng | ECHO | | | 120 |
| 30 | | Lin, | Dustin Zhi Zeng | Kidney | | | 70 |
| 31 | 06.27.06 | Lin, | Dustin Zhi Zeng | Carotid | 06.30.06 | | 100 |
| 32 | | Yip, | Dustin Zhi Zeng | ECHO | | 07.7.06 | 120 |
| 33 | | Zhu, | Dustin Zhi Zeng | ECHO | | | 100 |
| 34 | | Zhu, | Dustin Zhi Zeng | Carotid | | | 120 |
| 35 | | Lee, | Dustin Zhi Zeng | ECHO | | | 100 |
| 36 | | Lee, | Dustin Zhi Zeng | Carotid | | | 120 |
| 37 | | Sun, | Dustin Zhi Zeng | ECHO | | | 100 |
| 38 | | Sun, | Dustin Zhi Zeng | Abdomen | | | 120 |
| 39 | | Chau, | Dustin Zhi Zeng | ECHO | | | 70 |
| 40 | | Chau, | Dustin Zhi Zeng | Carotid | | | 100 |
| 41 | | Zhang, | Dustin Zhi Zeng | Carotid | | | 100 |
| 42 | | Dang, | Dustin Zhi Zeng | Abdomen | | | 70 |
| 43 | | Yu, | Dustin Zhi Zeng | Abdomen | | | 70 |
| 44 | | Chiu, | Dustin Zhi Zeng | Carotid | | | 100 |
| 45 | 06.28.06 | Chin, | Dustin Zhi Zeng | ECHO | | | 120 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 46 | | Chin, | Dustin Zhi Zeng | Carotid | | | 100 |
| 47 | | Huang, | Dustin Zhi Zeng | Abdomen | | | 70 |
| 48 | | Huang, | Dustin Zhi Zeng | Venous | | | 120 |
| 49 | | Huang, | Dustin Zhi Zeng | Arterial | | | 100 |
| 50 | | Chu, | Dustin Zhi Zeng | Venous | | | 120 |
| 51 | | Chu, | Dustin Zhi Zeng | Arterial | | | 100 |
| 52 | | Pan, | Dustin Zhi Zeng | Venous | | | 120 |
| 53 | | Pan, | Dustin Zhi Zeng | Arterial | | | 100 |
| 54 | 07.05.06 | Gu, | Dustin Zhi Zeng | ECHO | | | 120 |
| 55 | | Gu, | Dustin Zhi Zeng | Carotid | 07.12.06 | 07.14.06 | 120 |
| 56 | | Hsu, | Dustin Zhi Zeng | Venous | | | 100 |
| 57 | | Hsu, | Dustin Zhi Zeng | Arterial | | | 120 |
| 58 | | Chan, | Dustin Zhi Zeng | Carotid | | | 100 |
| 59 | | Pei, | Dustin Zhi Zeng | Pelvic | | | 70 |
| 60 | 07.06.06 | Li, | Dustin Zhi Zeng | ECHO | | | 120 |
| 61 | | Li, | Dustin Zhi Zeng | Carotid | | | 100 |
| 62 | | Ly, | Dustin Zhi Zeng | Venous | | | 120 |
| 63 | | Ly, | Dustin Zhi Zeng | Arterial | | | 100 |
| 64 | | Ly, | Dustin Zhi Zeng | Venous | | | 120 |
| 65 | | Huang, | Dustin Zhi Zeng | Arterial | | | 100 |
| 66 | | Gao, | Dustin Zhi Zeng | Carotid | | | 100 |
| 67 | | Chen, | Dustin Zhi Zeng | ECHO | | | 120 |
| 68 | | Sung, | Dustin Zhi Zeng | ECHO | | | 120 |
| 69 | | Sutanto, | Dustin Zhi Zeng | ECHO | | | 120 |

| 70 | 07.07.06 | Huang, | Dustin Zhi Zeng | ECHO | | 120 |
|----|----------|--------|-----------------|------|--|-----|
| 71 | | Huang, | Dustin Zhi Zeng | Prostate | | 70 |
| 72 | | Huang, | Dustin Zhi Zeng | Arterial | | 100 |
| 73 | | Fan, | Dustin Zhi Zeng | ECHO | | 120 |
| 74 | | Wu, | Dustin Zhi Zeng | Pelvic | | 70 |
| | | | | | TOTAL | 7710 |



3. <u>Amendment</u> – a written instrument hereafter signed by all of the parties hereto shall not amend except This Agreement.

4. <u>Sections and Section Headings</u> -- The heading of sections and subsections are for reference only and shall not limit or control the meaning thereof.

5. <u>Severability</u> – In the event that any covenant, condition, or other provision herein contained is held to be invalid, void, or illegal by any court of competent jurisdiction, the same shall be deemed to be severable from the remainder of this Agreement and shall in no way affect, impair or invalidate any other covenant, condition or other provision contained herein.

6. <u>Parties agree</u> that this contract is strictly confidential and will be kept between the respective parties only; with no duplication or disclosure to any outside parties.

7. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓ has absolutely no relation to this agreement what so ever. Therefore, Pacific Royal Medical Center has no responsibility (including financial) for Mr. Xian Qun Li's work and compensation during the stated period.

8. <u>Counterparts</u> – This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

9. Effective date: This agreement is effective beginning from the date of signing and should nullify any previous verbal and or written agreement.

In witness whereof the parties indicate their agreement by signing below:

Xiang Qun Li RMDS         Dustin Zeng MD PhD

July 26, 2006            July 26, 2006

_____ _____           _____ _____
Initials     Date                   Initials     Date

# RADIOLOGY REPORT

WITH THE COMPLIMENTS OF JULIE K. SUN, M.D.

223 N. Garfield Ave. #100
Monterey Park, CA 91754
TEL: (626) 571-6177
FAX: (626) 571-7144

Patient: ▓▓▓▓▓▓▓

Referring Dr: Dustin Zhi Zeng Md., PhD.

Sonographer: Shawn Lee, RMDS

Gender: Male

Date of Birth: ▓▓▓▓▓▓

Date of Exam: 06-14-06

**History:** Abdominal pain.

## ULTRASONOGRAM OF ABDOMEN (INCLUDING KIDNEYS AND ABDOMINAL AORTA):

**TECHNIQUE:** Real time sonographic images of the abdomen were obtained in multiple orientations using a 3.5 MHz transducer.

**FINDINGS:**

Aorta: There is no aneurysm or periaortic free fluid.

Liver: 2.4 x 1.7 cm cyst visualized in the left lobe of liver. The rest of the liver has normal echogenicity.

Gallbladder: No stone or wall thickening.

CBD: 0.4 cm in diameter.

Pancreas: There is no mass or abnormal fluid.

Right kidney: 11.1 x 6.6 x 5.6 cm in size.
Cyst, measuring 1.5 x 1.1 cm, located in lower pole with small mural calcification.

Left kidney: 12.1 x 5.8 x 5.2 cm in size.
Left kidney has normal morphology and echogenicity, without hydronephrosis or nephrolithiasis.

Spleen: Normal.

Ascites: Absent.

Pleural effusion: Absent.

**IMPRESSION:**
1. Small hepatic cyst and right renal cyst.
2. The rest of the examination is within normal limits.

*Sample*

Julie Sun M.D.

JULIE SUN, M.D.
Diplomate, American Board of Radiology

# PRELIMINARY REPORT

WEI-JIUNG WU, M.D., JULIE K. SUN, M.D.

223 N. Garfield Ave. #100
Monterey Park, CA 91754
TEL: (626) 571-6177
FAX: (626) 571-7144

Patient:
Referring Dr:   Zeng, Zhi M.D.
Sonographer:   Lee, Shawn RMDS

Gender:
Date of Birth:
Date of Exam :   06.14.2006

**History:** Abdominal Pain.

## ULTRASONOGRAM OF ABDOMEN (INCLUDING KIDNEYS AND ABDOMINAL AORTA):

**TECHNIQUE:** Real time sonographic images of the abdomen were obtained in multiple orientations.

**FINDINGS:**



Aorta:              Normal.
Liver:              There is a 2.4 by 1.7 cm cyst in the left lobe of the liver. The rest of the
                    liver has normal echogenicity.
Gallbladder:        Normal.
Hepatic duct / CBD: Normal.  Diameter: 0.4 cm
Pancreas:           Normal.
Right kidney:       Size: 11.1 by 6.6 by 5.6 cm. A 1.5 by 1.1cm cyst located at the
                    lower pole has small mural calcification.
Left kidney:        Normal. Size: 12.1 by 5.8 by 5.2 cm
Spleen:             Normal.
Ascites:            Absent.
Pleural effusion:   Absent.

**IMPRESSION:**     Small hepatic cyst. *& R renal cyst*
                    ~~The right renal cyst.~~

*o/w⊖*

*Sample*

_____
Julie K. Sun, M.D.
Diplomate, American Board of Radiology

Thank you for the referral.

ZHIXUN SAMUEL SUN v. RICKENBACKER GROUP, INC.   Case No: 109CV155169
Dispute letter sent by Lawyer Edwin Chau  Exhibit 4

# LAW OFFICE OF EDWIN CHAU
## ATTORNEYS AT LAW

*Of Counsel:*

ED HAUSMANN
GARY K. CHAN
ALAN H. WANG
ERLINDA SARNO
PETER KAM

506 North Garfield Avenue
Suite 260
Alhambra, California 91801
E-mail: Edwinchau@Earthlink.net

*Telephone:*
(626) 300-3801

*Facsimile:*
(626) 300-3810

July 13, 2009.

Rickenbacker Collection Services
Attention: Manager / Legal Department
15005 Concord Circle
Morgan Hill, CA 95037

Re:   Account No. : 554962
      Sun, Zhixun Samuel

Dear Sir or Madam:

This Law Firm represents Samuel (a/k/a Zhixun) Sun with reference to the above-captioned matter. This is in response to your May 7, 2009 letter wherein your company, acting on behalf of Xiangqun Li, a/k/a Shawn Lee, demanded my client to pay a total of $8,861.21, for services alleged rendered by Shawn Lee. Your letter further states that a copy of the "judgment" and supporting documentation were enclosed. My client denies categorically that he owes Shawn Lee any money.

A review of the enclosed documentation indicates there is no (court) "judgment", which I later confirmed with Stephanie Garcia of your office. Rather, there is a 1-page unsigned document, allegedly prepared by Shawn Lee, addressed to Alessandra. The document states that Shawn Lee worked as an ultrasound technician for Reassuring Ultrasound Imaging Inc. under my client, Mr. Sun, to do medical diagnostic ultrasound services from May 31, 2006 to July 7, 2006. In addition, the document states that the amount of work Shawn Lee performed was worth $7,710, which allegedly, was unpaid.

The incident first surfaced in or about May, 2009, when my client applied for a mortgage loan to purchase a house in Northern California. To his surprise, the credit report indicated that his credit rating was substantially reduced, all due to an entry in the report, entered in November, 2007, by Rickenbacker Group, of an alleged delinquent payment of $8,939. As a result of the negative (and erroneous) entry, my client is now forced to pay an addition $100 per month on his mortgage loan for the duration of the loan.

The truth of the matter is, in 2006, my client was working, as an independent ultrasound technician, for Dr. Wan Yao, M.D., in Monterey Park, California. For the month of June, 2006, my client was required to go to Northern California to perform some services. As such, my client requested that Shawn Lee temporarily worked for him at Dr. Yao's office and Dr. Dustin Zhi Zeng's office for the month on an "as-needed basis". The oral agreement required Shawn Lee to work at the rate of $25 per hour. The total number of hours Shawn Lee worked during such period was 48 hours (i.e. 8 hours in Dr. Yao's office and 40 hours in Dr. Zeng's office).

Last week, our office received 8 pages of documents from your office purporting to support Shawn Lee's claim that my client owes him $7,710. Among them, there were 4 pages of itemized procedures allegedly performed at Dr. Zeng's office. On those same pages, circled as (Exhibit) 2, there is a column captioned "amount" (e.g. $120, $70 etc.) for each of the items of procedure performed. Apparently, Shawn Lee added up those amounts to come up with the figure of $7,710. Those pages do not evidence any contractual relationship my client had with Shawn Lee.

More importantly, the "Amounts" on those pages are "not" fees or salary that Shawn Lee is entitled to receive from my client, but which Shawn Lee appears to be relying on. Those are fees for each procedure rendered by Medical Ultrasound Diagnosis Company; they encompassed all the costs and labor for the technical work, including the professional interpretation fee of the radiologist, the cost of the ultrasound diagnosis equipment, the vehicle that carries the equipment, the rent for the office, and the like. Shawn Lee's malicious use of these "amounts" as though they are his salary / fees is totally outrageous. The so-called supporting documentations, including the name of the patients, the procedure performed, and the "Sample Preliminary Report", which were allegedly obtained without authorizations from the physicians or the patents, have absolutely no merits to support Shawn Lee's claim herein.

Exhibit 1, captioned "Reassuring Medial Ultrasound Diagnosis Services" is a list of fees for the patients' tests, which has absolutely nothing to do with what Shawn Lee was to receive from my client. Similarly, Exhibits 3 and 4, highlighted with the word "Sample", bear no relationship to the agreement between Shawn Lee and my client. Further, paragraph 6 of exhibit 4 clearly states that "... the contract is strictly confidential and will be kept between the respective parties; and no duplication or disclosure to any outside parties would be allowed..." It is apparent that Shawn Lee is in violation of that provision.

Moreover, it is my understanding that Shawn Lee is a certified ARDS (American Registered Diagnosis Sonographer). His conduct described herein may be in violation of the disclosure provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA").

In any event, at the conclusion of Shawn Lee's services, Dr. Wan Yao, at the request of my client, paid Shawn Lee a total of $1,330 (check #570, dated July 27, 2006, written to Li Xiang Qun), representing full payment for Shawn Lee's services, which check amount exceeds what was agreed to between the parties. *My client does not owe Shawn Lee any money!*

2

You are hereby demanded to cease your collection activities against my client. Further, we demand that you immediately notify all credit bureaus to clear my client of any delinquency status caused by Shawn Lee's and your office's action. If we do not hear from you within the next ten (10) days informing us of your efforts to do the above, I will advise my client to pursue further legal action, at which time, we will pursue all damages under the law. All rights are hereby reserved.

Sincerely yours,

LAW OFFICES OF EDWIN CHAU

Edwin "Ed" Chau
Attorney at Law

EPC:js

3

Lawyer Edwin Chau receipt of $ 885.54   **Exhibit 5**

# LAW OFFICES OF EDWIN CHAU

# Invoice

506 N. Garfield Avenue
Suite 260
Alhambra, CA 91801

| Date | Invoice # |
|------|-----------|
| 7/13/2009 | 50804 |

**PAID**

| Bill To |
|---------|
| Zhixun Sun<br>10390 Calvert Dr.<br>Cupertino, CA 95014 |

| Case No. | Terms | Hourly Rate |
|----------|-------|-------------|
| EC4888 | Due on rec... | $275 |

| Date | Description | Hours | Amount |
|------|-------------|-------|--------|
| | Legal Services: | | |
| 6/30/2009 | EPC : Phone conf. w/Dr. Yao (n/c) | 0 | 0.00 |
| 7/1/2009 | EPC : Review file / fax from client | 0.25 | 68.75 |
| 7/8/2009 | EPC : Phone call to collection agency | 0.2 | 55.00 |
| 7/8/2009 | EPC : Draft letter to collection agency | 0.5 | 137.50 |
| 7/8/2009 | EPC : Phone conf. w/client | 0.2 | 55.00 |
| 7/8/2009 | EPC : Phone call to Rickenbacker (Stephanie) | 0.2 | 55.00 |
| 7/9/2009 | EPC : Review fax (evidence) from collection agency | 0.1 | 27.50 |
| 7/9/2009 | EPC : Phone conf. w/Dr. Yao (re: payment info) | 0.1 | 27.50 |
| 7/9/2009 | EPC : Draft letter to collection agency | 1.25 | 343.75 |
| 7/10/2009 | EPC : Phone call to Dr. Sun (left msg) (n/c) | 0 | 0.00 |
| 7/13/2009 | EPC : Revise letter per client | 0.4 | 110.00 |
| | Case Cost: | | |
| 7/13/2009 | Postage (re: certified mail to collection agency) | | 5.54 |

Please make check payable to Law Offices of Edwin Chau
Interest is 10% per annum of past due balance

| | |
|---|---|
| **Total** | $885.54 |
| **Payments/Credits** | $-885.54 |
| **Balance Due** | $0.00 |

| Phone # | Fax # |
|---------|-------|
| (626) 300-3801 | (626) 300-3810 |

ZHIXUN SAMUEL SUN v RICKENBACKER GROUP, INC

Case No: 109CV155169
## Exhibition 6

## The Receipt of Superior Court of California of Filling Fee $ 355.00

```
            Superior Court Of California
               Chief Executive Officer,
                 David H. Yamasaki
               Superior Court Building
                191 North First Street
                San Jose, CA  95113-1090

         Received From:  Zhixun S. Sun


      1-09-CV-155169
         CV UN Compl/1st Paper >$2  CK
                                  355.00
         Sub Total              $355.00


         ----MOP-----------------AMOUNT----

         CK                 $       355.00

         ------------------------------------

         TOTAL DUE           $      355.00
         CASH RECEIVED       $        0.00
         CASH DUE            $        0.00
         ------------------------------------
         CHANGE              $        0.00


      Receipt #200900113406
      Cashier: AF DTSCIV010117
      10/20/09  10:23am
      Downtown Courthouse
```

# ::: Experian™
A world of insight

**Prepared for**
ZHI XUM SUN
**Report number**
3331310770

**Report date**
October 15, 2009
www.experian.com/disputes
P.O. Box 9554, Allen, TX 75013

Exhibition 7

**Page 3 of 18**

ZHIXUN SAMUEL SUN v RICKENBACKER GROUP, INC

## The Credit Report of Experian on Oct 15, 2009

## Potentially negative items or items for further review

This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies and unpaid tax liens, which may remain for up to 10 years. A paid tax lien may remain for up to seven years. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

## Credit items

**BAY AREA CREDIT SERVICE**
1901 W 10TH ST
ANTIOCH CA 94509
(925) 757-4533
**Partial account number**
81088982

| | |
|---|---|
| Date opened | Mar 2009 |
| Reported since | May 2009 |
| Date of status | Jul 2009 |
| Last reported | Jul 2009 |
| Type | Collection |
| Terms | 1 Months |
| Monthly payment | NA |
| Responsibility | Individual |
| Credit limit or original amount | $91 |
| High balance | NA |
| Recent balance | NA |

Status: Paid, Closed.
Account history:
Collection as of May 2009
Your Statement: *"I HAVE NO KNOWLEDGE OF THIS ACCOUNT."*
This item was verified and updated on Jun 2009.
Address identification number: 192387814

Original creditor: AT T - WEST

**RICKENBACKER GROUP**
15005 CONCORD CIR
MORGAN HILL CA 95037
(800) 573-8774
**Partial account number**
100011778055549626

| | |
|---|---|
| Date opened | Nov 2007 |
| Reported since | Mar 2008 |
| Date of status | Mar 2008 |
| Last reported | Jul 2009 |
| Type | Collection |
| Terms | 1 Months |
| Monthly payment | NA |
| Responsibility | Individual |
| Credit limit or original amount | $7,710 |
| High balance | NA |
| Recent balance | $8,992 as of Jul 2009 |

Status: Collection account. $8,992 past due as of Jul 2009.
Account history:
Collection as of Jul 2008 to Jul 2009,
Mar 2008
This account is scheduled to continue on record until Apr 2013.
Your Statement: *"ACCOUNT WAS PAID BEFORE BEING TURNED OVER TO A COLLECTION AGENCY."*
Comment: *"Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)."*
This item was verified and updated on May 2009.
Address identification number: 192387814

Original creditor: XIANG QUN LI

As a valued customer if you need to contact us again by visiting www.experian.com/consumer, or call us.

RICKENBACKER COLLECTION SERVICES
15005 Concord Circle
Morgan Hill, CA 95037
(800) 573-8774

ZHIXUN SAMUEL SUN v RICKENBACKER GROUP, INC          Case No: 109CV155169

Defendant' notice to close the collecting account <u>Exhibition 8</u>

DECEMBER  03, 2009

ACCOUNT NO: 554962-6

ZHIXUN SAMUEL SUN
10390 CALVERT DR
CUPERTINO CA 95014

RE:  XIANG QUN LI

TOTAL DUE:        .00

Dear  SUN, ZHIXUN SAMUEL

Due to circumstances regarding the collection given to us by the above
named client, we are closing our file.

Notification to remove your name from Experian, Equifax and TRU has
been initiated and your credit status should be reinstated shortly.

If you have any difficulty with a credit grantor, please have them call us
at (408) 762-7200 for confirmation to this fact.

Sincerely,

ART KIVAS

(800)-573-8774

This is an attempt to collect a debt and any information obtained will be
used for that purpose. This communication is from a debt collector.

NOTICE: Please see reverse side for important information.

AIE/1106

# THE RICKENBACKER GROUP, INC.
# A NATIONAL COLLECTION AGENCY

800.573.8774
15005 Concord Circle
Morgan Hill, California 95037
www.rickenbackergroup.com

December 10, 2009

Samuel Zhixun Sun
c/o Law Offices of Vivian Lu
35485-B Dumbarton Court
Newark, CA 94560
PH) 510-494-1188
FX) 510-494-1166

RE: Samuel Zhixun Sun
Account #: 554962-6
Original Creditor: XIANG QUN LI

This communication is to advise that our records indicate the above referenced account was closed and removed from collections on August 26, 2009.

Notification to remove the item from credit reporting has been initiated to three Credit Reporting Agencies: Trans Union, Experian and Equifax.

The confirmation number provided by the E-Oscar credit reporting system is: 48746027

If you are working with a credit grantor, please do not hesitate to have them contact me directly to verify the status of this account.

Kindest Regards,

Stacey L. Angst
Compliance Manager
408-762-7200 ext. 3183
408-762-7201
compliance@rickenbackergroup.com

Lawyer Vivian Lu Receipt of $ 3,282.00

# Law Offices of Vivian Lu

35485-B Dumbarton Court
Newark, CA 94560
Telephone: 510-494-1188
Fax: 510-494-1166

December 16, 2009

Samuel Sun

## Fees

| Date | Tmkpr | Description | Hours | Amount |
|------|-------|-------------|-------|--------|
| 12/16/2009 | VL2 | September - December, 2009 attorney fee | 0.00 | $3,282.00 |

| | Hours | Amount |
|---|---|---|
| Billable Hours / Fees: | 0.00 | $0.00 |
| Flat Charge Hours / Fees: | | $3,282.00 |

| | |
|---|---|
| Payments Received: | $3282.00 |
| Current Fees: | $0.00 |
| Advanced Costs: | $0.00 |
| Administrative Cost: | $0.00 |
| TOTAL AMOUNT DUE: | $0.00 |

Thank You for Letting Us Serve You.

### Law Offices of Vivian Lu
35485-B Dumbarton Court
Newark,        CA        94560
Telephone:      510-494-1188
Fax:  510-494-1166

December 15, 2009
Invoice No. 342

Samuel Sun

Client Number:  SAMUELSUN  Samuel Sun

Matter         CD1255  samuel sun
Number:
For Services Rendered Through 12/15/2009.

## Fees

| Date | Tmkpr | Description | Hours | Amount | |
|------|-------|-------------|-------|--------|--|
| 09/15/2009 | VL2 | review case file, and outline facts | 0.80 | $224.00 | |
| 09/16/2009 | JV1 | email from ofc to call client re case status, review file, check for email address in Abacus, attempt to TC client that evening but VM full and can't leave message, email to secretary re try to get client's email address if he calls tomorrow | 0.30 | $84.00 | |
| 09/16/2009 | VL2 | instruct office to prepare complaint based upon facts | 0.40 | $0.00 | N/C |
| 09/17/2009 | JV1 | TC w/client re status of case, advised him to write same letter he already wrote, only address it to the 3 credit reporting agencies instead of the fraudulent collection agency; client says $18,000 in combined state and federal tax credits for buying a home before 11/1/2009 for first-time buyers, so those are our damages; review file more; problem with more than 1 adverse thing on client's credit; need conference with VL; email to client requesting something from B of A re "but for" Rickenbacker Collection item on credit report, client would have gotten the loan | 0.90 | $252.00 | |
| 09/25/2009 | JV1 | receive/review email from client re damages; respond to client email; begin to prepare complaint | 0.50 | $140.00 | |
| 09/28/2009 | JV1 | emails from and to client re credit report entries | 0.30 | $84.00 | |
| 10/05/2009 | JV1 | receive/review email from client; read/print attached documents; save to client directory and update paper file | 0.30 | $84.00 | |
| 10/05/2009 | JV1 | TC client re status of case; prepare the rest of the JC forms comprising complaint, summons for his case; researching possible causes of action; email to VL re same | 1.50 | $420.00 | |

| | | | | |
|---|---|---|---|---|
| 10/07/2009 | VL2 | prepare retainer agreement | 0.35 | $98.00 |
| 10/07/2009 | JV1 | complete and print Civil Cover Sheet (.2); add prayer for injunctive relief to #14 (.3); emails to/from VL re review (.2) | 0.70 | $196.00 |
| 10/14/2009 | VL2 | conference with client | 0.20 | $56.00 |
| 10/24/2009 | VL2 | review filed complaints and ancillary docyments. Arrange for process service on Rickenbacker Collection. | 0.30 | $84.00 |
| 10/24/2009 | VL2 | research the business entity of defendant and its agent for process service. | 0.40 | $112.00 |
| 11/17/2009 | VL2 | Call from client re status and told client re process service on defendant to take time | 0.10 | $28.00 |
| 11/22/2009 | VL2 | receive/ review email from client (.1); prepare form interrogatories [hold until OP served + 10? days] (.3); review file, including letter to credit agencies, credit report, client explanation, client response to last request for proof (.7); analysis/email to client re need proof, re damages, and re cleaning up credit report further to help show Rickenbacker the problem (.9) | 2.00 | $560.00 N/C |
| 11/23/2009 | VL2 | finish organizing file | 0.80 | $224.00 N/C |
| 11/24/2009 | VL2 | call to client re process service re cmc in march and rush service on defendant | 0.30 | $0.00 N/C |
| 11/24/2009 | VL2 | call from client re status of process service, and discuss about the process service agent for the defendant | 0.30 | $84.00 |
| 12/01/2009 | VL2 | calling D and R process service and left a message re status of service on defendant, email client re same | 0.15 | $42.00 |
| 12/02/2009 | VL2 | call to Daisy at Rickenbacker re service on defendant and client Account has been deleted and no action taken etc | 0.50 | $140.00 |
| 12/03/2009 | VL2 | Calls from Daisy re account closing, and the electronic confirmation number generating process, tell her to prepare a letter explaining the remedial measures the defendant ha taken, and schedule another telephonic conference on the following Monday. | 0.50 | $140.00 |
| 12/03/2009 | VL2 | Call to Daisy at compliance department re manual deletion. Left messages | 0.20 | $56.00 |
| 12/07/2009 | VL2 | review message from Daisy | 0.10 | $28.00 |
| 12/07/2009 | VL2 | Review client email re letter from defendant, and reply re telephone conference today | 0.15 | $42.00 |
| 12/08/2009 | VL2 | D & R - service of process on 11/24/2009 | 0.00 | $60.00 |
| 12/08/2009 | VL2 | review letter to client from defendant re closing file on client, letter Dated December 3, 2009 | 0.15 | $42.00 |
| 12/11/2009 | VL2 | meeting with client re termination of legal service, client will represent | | |

Self, and advise client to pull credit report to see if damaging report by

Defendant is taken off, advise client re upcoming case management conference

And the deadline for defendant to respond to his complaint | 0.8 | $224.00

12/15/2009 VL2 prepare substitution of attorney per client's instruction | 0.3 | $84.00
12/16/2009 VL2 email client to set another meeting on 12/17/2009, email also
Substitution of attorney for review | 0.1 | $28.00

12/16/2009 VL2 call to Stacy of defendant re substitution of attorney and also tell her client refuses
To grant extension for defendant to file its answer | 0.15 | $42.00

12/16/2009 VL2 inrerest charges on October bill of $1113.00 at 18% per annum paid at December
11, 2009 | | $139.13

12/16/2009 VL2 draft email to client re staus of case, and next steps on case, advise on case management
Conference and discovery | 0.3 | $84.00

Billable Hours / Fees:       $3,097.00

Current Fees::        $3,097.00
Advanced Costs:        $0.00
Administrative Costs: $185
TOTAL AMOUNT DUE:      $3282.00

Thank You for Letting Us Serve You.

Sep paid # 593.60

# 766

owed # 2688.40

retainer # 5000

refund # 2311.60

Plaintiff' credit report from Wells Fargo on Jan 5,2010 <u>Exhibit 11</u>



```
1 5 Q N
```

------------------------------------------------------------------
REF:1-08661-98633-0000 01/05/2010      TID:1-08663-24594 01/07/2010 01:03:49
------------------------------------------------------------------

Dear Consumer:

Rels Credit is a reseller of credit scores provided by the three national
repositories, Equifax (EFX), Experian (XPN) and TransUnion (TUC). These
scores reflect the original credit information obtained from the three
national repositories prior to any verifications that might have been made by
Rels Credit.

In addition to the score(s), you will find the key factors that adversely
affected your credit score(s) in the model(s) used, together with a brief
explanation of what each factor means, the date the credit score(s) was
created, and the range of possible credit score(s) under the model(s) used.

Score information on SUN, ZHI XUN:
    On 01/05/2010 Equifax provided the following score(s)
        BEACON 5.0            Score:  664        Range: 300 - 850
            00040 DEROGATORY PUBLIC RECORD OR COLLECTION FILED
            00020 LENGTH OF TIME SINCE DEROGATORY PUBLIC RECORD OR
                COLLECTION IS TOO SHORT
            00014 LENGTH OF TIME ACCOUNTS HAVE BEEN ESTABLISHED
            00008 TOO MANY INQUIRIES LAST 12 MONTHS
    On 01/05/2010 Experian provided the following score(s)
        FICO-II              Score:  594        Range: 300 - 850
            38 SERIOUS DELINQUENCY AND PUBLIC RECORD OR COLLECTION FILED
            13 TIME SINCE DELINQUENCY IS TOO RECENT OR UNKNOWN
            20 TIME SINCE DEROGATORY PUBLIC RECORD OR COLLECTION IS TOO
                SHORT
            14 LENGTH OF TIME ACCOUNTS HAVE BEEN ESTABLISHED
            * Number of Inquiries Adversely Affected the Score
    On 01/05/2010 TransUnion provided the following score(s)
        FICO Classic 98      Score:  663        Range: 300 - 850
            040 DEROGATORY PUBLIC RECORD OR COLLECTION FILED
            020 LENGTH OF TIME SINCE DEROGATORY PUBLIC RECORD OR COLLECTION
                IS TOO SHORT
            024 NO RECENT REVOLVING BALANCES
            014 LENGTH OF TIME ACCOUNTS HAVE BEEN ESTABLISHED
            * Number of Inquiries Adversely Affected the Score
```

ZHIXUN SAMUEL SUN v RICKENBACKER GROUP, INC                                    Case No: 109CV155169

01/05/2010                    Preapproval Letter from Wells Fargo Bank    Exhibition 12
                              Preapproval Letter from Bank of America


ZHI XUN SUN
10390 CALVERT DR
CUPERTINO, CA 95014



Re: You've Become a *Priority*Buyer[SM]

## CONGRATULATIONS!

I'm pleased to tell you that you've achieved *Priority*Buyer status and have obtained a full preapproval instead of a simple prequalification.

With this *Priority*Buyer letter, you can fine tune your home search with confidence and demonstrate your purchasing power. Real estate agents and builders often give "priority" to *Priority*Buyers as they help them select a home - and your purchase offer is more likely to take priority position with a seller. Before you know it, you'll be closing, packing, and moving!

Here are the details of your *Priority*Buyer preapproval:

Loan Amount:  $ 305,250.00
Credit Approved On:  01/05/2010                    ☐ Floating Election option
Credit Approval Expires On:  05/05/2010            ☐ Price Range Protection

**As a reminder:** the market rate, or market rate range, for the product and terms you selected were what we used to preapprove you for this loan amount. Some people choose our *Floating Election* option when they apply. This means that if interest rates go down, they can sometimes be approved for a larger loan amount. But the opposite is also true - their preapproved loan amount might need to be modified to a lower amount if rates rise. Also, their loan program may be modified or terminated without notice while they are floating. Other people select *Price Range Protection*. This means that, as long as they satisfy all loan requirements and close within the protected time period, their preapproved loan amount and loan program are secure. I have indicated above which option you chose. There are a few things that could change the loan amount we preapproved you for. If, for example, something in your current financial status or application information changes, or material facts appear that weren't previously known, or if you decide to change your loan terms, we might need to modify the loan amount or withdraw the preapproval.

## WHAT'S NEXT?
You need to find a home or move ahead with the one you've got your eye on. A preapproval is different from a final loan commitment so please **take note of your PriorityBuyer Next Steps on the second page.** These items - plus an acceptable property, appraisal and title report - will turn your preapproval into a final commitment and move your loan to closing. Remember, **your PriorityBuyer preapproval is good until**      05/05/2010          .
We will be able to complete the processing of your application when we receive all the requested information, so please provide it as soon as possible.

## GET MOVING!
Enjoy the peace of mind knowing the loan amount available to you while you choose your new home. I am privileged to be assisting you with your home purchase. I'll be in touch with you soon to review the next steps. Please feel free to contact me at any time with questions.

Sincerely,

INDA LEE
408-573-4250

NMFL #1020 Rev. 02/2009 - All rights reserved.                                    Page 1 of 3

Now that you have your *Priority*Buyer[SM] preapproval, there is additional documentation that you will need to provide to your home mortgage consultant as soon as possible. Please bear in mind that as soon as we receive and approve your property, appraisal and all the following information you send, we'll quickly complete the processing of your application and move your loan to closing. If you are unable to get us the items within the noted time frame, please contact us and we will be happy to make alternative arrangements.

Your home mortgage consultant will personally work with you and fully explain the requirements for each item listed below.

## DOCUMENTATION GUIDELINES

------------------------DOCUMENTATION GUIDELINES------------------------

IF CAIVRS INDICATES FEDERAL DELINQUENCY/LIEN, THIS LOAN MUST BE DOCUMENTED AND UNDERWRITTEN TO FHA'S REFER REQUIREMENTS.

THIS LOAN QUALIFIES FOR ACCEPT FHA TOTAL SCORECARD DOCUMENTATION.

LENDER IS RESPONSIBLE FOR DOCUMENTING ANY SITUATION NOT ADDRESSED ON THIS FEEDBACK CERTIFICATE ACCORDING TO THE FHA TOTAL MORTGAGE SCORECARD USER'S GUIDE AND/OR HUD HANDBOOK 4155.

-----------------EMPLOYMENT INFORMATION-----------------

OBTAIN MOST RECENT YTD PAYSTUB DOCUMENTING 1 FULL MONTH EARNINGS AND A VERBAL VOE TO VERIFY CURRENT EMPLOYMENT FOR ZHI XUN SUN.

OBTAIN MOST RECENT 2 YEARS W-2(S) TO VERIFY CURRENT AND PREVIOUS EMPLOYMENT FOR ZHI XUN SUN.

IF BORROWER RECEIVES COMMISSION INCOME GREATER THAN 25% OF HIS/HER ANNUAL INCOME, OBTAIN MOST RECENT 2 YEARS SIGNED INDIVIDUAL FEDERAL INCOME TAX RETURNS AND CONSIDER BUSINESS EXPENSES IN UNDERWRITING.

IF APPLICABLE, PROVIDE AN EXPLANATION FOR EMPLOYMENT GAPS GREATER THAN 180 DAYS.

IF USING ALIMONY/CHILD SUPPORT INCOME TO QUALIFY, OBTAIN MOST RECENT 3 MONTHS BANK STATEMENTS OR CANCELLED CHECKS OR COURT PAYMENT RECORD AND EVIDENCE OF 3 YEAR CONTINUANCE.

--------------------ASSET INFORMATION--------------------

RESERVES: VERIFY ALL RESERVES SUBMITTED TO LOAN PROSPECTOR.

DEPOSITORY ACCOUNTS:  OBTAIN MOST RECENT STATEMENT(S) SHOWING PREVIOUS MONTH'S BALANCE OR 2 MONTHS STATEMENT(S) FOR EACH ACCOUNT TO VERIFY SUFFICIENT FUNDS REQUIRED TO CLOSE.

This preapproval is subject to verification of your application information and product eligibility.

If a Downpayment Assistance, Mortgage Revenue Bond, Mortgage Credit Certificate and/or Section 8 program is being used, this preapproval letter is subject to confirmation that all program guidelines have been met.

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower," as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when [X] the income or assets of a person other than the Borrower (including the Borrower's spouse) will be used as a basis for loan qualification or [ ] the income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below):

Borrower _____

Co-Borrower _____

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | [ ] VA  [X] Conventional  [ ] Other (explain): | Agency Case Number | Lender Case Number |
|---|---|---|---|
| | [ ] FHA  [ ] USDA/Rural Housing Service | | 0112601653 |

| Amount $ 350,000.00 | Interest Rate 5.875 % | No. of Months 360 | Amortization Type: [X] Fixed Rate  [ ] Other (explain): [ ] GPM  [ ] ARM (type): |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state & ZIP) 0000 PRE-APPROVAL STREET, SAN JOSE, CA 95112 | No. of Units 1 |

Legal Description of Subject Property (attach description if necessary) SEE PRELIM

Year Built

Purpose of Loan [X] Purchase [ ] Construction [ ] Other (explain): [ ] Refinance [ ] Construction-Permanent

Property will be: [X] Primary Residence [ ] Secondary Residence [ ] Investment

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a + b) |
|---|---|---|---|---|---|

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements [ ] made [ ] to be made |
|---|---|---|---|---|

Cost: $

Title will be held in what Name(s) TBD

Manner in which Title will be held JOINT TENANTS

Estate will be held in: [X] Fee Simple [ ] Leasehold (show expiration date)

Source of Down Payment, Settlement Charges, and/or Subordinate Financing (explain) CHECKING SAVINGS

## III. BORROWER INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Name (include Jr. or Sr. if applicable) | EHI XUN SUN | DUNGLI SUN |
| Social Security Number | 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 | 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 |
| Home Phone (incl. area code) | 626-373-4308 | 626-373-4308 |
| DOB (mm/dd/yyyy) | 03/07/1953 | 12/13/1961 |
| Yrs. School | 16 | 16 |
| | [X] Married [ ] Separated  [ ] Unmarried (include single, divorced, widowed) | [X] Married [ ] Separated  [ ] Unmarried (include single, divorced, widowed) |
| Dependents (not listed by Co-Borrower) | no. 1  ages 17 | no. 0  ages |
| Present Address (street, city, state, ZIP) [ ] Own [X] Rent 2/2 No. Yrs. | 10390 CALVERT DR CUPERTINO, CA 95014 | [ ] Own [X] Rent 3/2 No. Yrs. 10390 CALVERT DR CUPERTINO, CA 95014 |
| Mailing Address, if different from Present Address | | |

If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, ZIP) [ ] Own [ ] Rent No. Yrs. | Former Address (street, city, state, ZIP) [ ] Own [ ] Rent No. Yrs. |

## IV. EMPLOYMENT INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Name & Address of Employer | KAISER 710 LAWRENCE EXP SANTA CLARA, CA 95051 [ ] Self Employed | SUNS DAY CARE CENTER 10390 CALVERT DR CUPERTINO, CA 95014 [X] Self Employed |
| Yrs. on this job | 2.13 | 2.13 |
| Yrs. employed in this line of work/profession | 10.50 | 10.50 |
| Position/Title/Type of Business | SONOGRAPHER / HOSPITAL | OWNER / DAY CARE CENTER |
| Business Phone (incl. area code) | 408-851-3308 | 626-827-0096 |

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| | Borrower | Co-Borrower |
|---|---|---|
| Name & Address of Employer [ ] Self Employed | | |
| Dates (from - to) | | |
| Monthly Income | | |
| Position/Title/Type of Business | | |
| Business Phone (incl. area code) | | |
| Name & Address of Employer [ ] Self Employed | | |
| Dates (from - to) | | |
| Monthly Income | | |
| Position/Title/Type of Business | | |
| Business Phone (incl. area code) | | |

Freddie Mac Form 65 7/05
Fannie Mae Form 1003 7/05
VMP-21N (0507)  NMFL #1003N (APP1, APP2) Rev 11/10/2007
Page 1 of 4  Initials: _____
VMP Mortgage Solutions, Inc. (800)521-7291

0112601653

# EXHIBIT C

June D. Coleman – 191890
Jennifer S. Gregory – 228593
ELLIS, COLEMAN, POIRIER, LAVOIE
 & STEINHEIMER, LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendant RICKENBACKER GROUP, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| ZHIXUN SAMUEL SUN, | Case No.: 109CV155169 |
| Plaintiff, | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL** |
| v. | |
| RICKENBACKER COLLECTION dba RICKENBACKER GROUP, | |
| Defendant. | |

Defendant RICKENBACKER GROUP, INC., erroneously served as RICKENBACKER COLLECTION dba RICKENBACKER GROUP ("Defendant") answers the Complaint of Plaintiff ZHIXUN SAMUEL SUN ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30, Defendant denies generally and specifically, all and singular, each and every allegation of the Complaint, and denies that Plaintiff was injured by any act or omission by Defendant, or that Defendant was negligent and/or careless or otherwise at fault in and about the matters alleged in said Complaint, and further denies that Plaintiff has been injured and/or damaged in any sum, sums, or at all.

## FIRST AFFIRMATIVE DEFENSE

1.      Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a

-1-

1   cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.   Defendant alleges that the Complaint is barred by the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

3.   Defendant alleges that Plaintiff's credit reporting claims are preempted by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq.

## FOURTH AFFIRMATIVE DEFENSE

4.   Defendant alleges that the claims asserted against it in the Complaint, and each cause of action asserted therein, are barred because all or some of the causes of action are moot.

## FIFTH AFFIRMATIVE DEFENSE

5.   Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by the privilege embodied either in California Civil Code § 47(c), or arising under federal and state common law.  The assertion of this defense does not constitute an admission either that the Defendant made any statements at all about the Plaintiff, or that any statements the Defendant did make were defamatory, or that Defendant failed to comply with Civil Code section 1785.25 or the FCRA.

## SIXTH AFFIRMATIVE DEFENSE

6.   Defendant alleges that Plaintiff is barred from any recovery on the Complaint because any relevant statements made by the Defendant were and are true.  The assertion of this defense does not constitute an admission either that the Defendant made any statements at all about the Plaintiff, or that any statements the Defendant did make were defamatory.  The assertion of this defense also does not constitute an admission that the Plaintiff has states a claim under any common law or statutory theory.

## SEVENTH AFFIRMATIVE DEFENSE

7.   Defendant alleges that Plaintiff is barred from any recovery on the Complaint because Defendant acted reasonably and in good faith at all material times herein, based on all relevant facts and circumstances known by it and/or its employees or agents at the time either Defendant or any of the Defendant's agents or employees so acted.

### EIGHTH AFFIRMATIVE DEFENSE

8.    Any act or omission of Defendant was not a substantial factor in bringing about the alleged injuries and damages and was not a contributing cause thereof, but was superseded by the acts and omissions of third parties, which were independent, intervening, and the proximate cause of any damages complained of by Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

9.    Defendant alleges that the claims asserted against it in the Complaint, and each cause of action asserted therein, are barred and/or limited because Plaintiff has failed to mitigate his damages, if any.

### TENTH AFFIRMATIVE DEFENSE

10.    Defendant alleges that the claims asserted against it in the Complaint, and each cause of action asserted therein, are barred because Defendant is entitled to indemnification by third parties for the acts alleged.

### ELEVENTH AFFIRMATIVE DEFENSE

11.    Defendant alleges that the claims asserted against it in the Complaint, and each cause of action asserted therein, are barred by the parol evidence rule.

### TWELFTH AFFIRMATIVE DEFENSE

12.    Defendant alleges that the claims asserted against it in the Complaint, and each cause of action asserted therein, are barred by the doctrine of laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.    Defendant alleges that the claims asserted against it in the Complaint, and each cause of action asserted therein, are barred by the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.    Defendant alleges that Plaintiff, and or his agents, have voluntarily and knowingly waived each and all of Plaintiff's purported rights and causes of action against Defendant by reason of Plaintiff's own acts, omissions and conduct, and/or that of his agents.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.    Defendant alleges that Plaintiff is estopped from asserting his purported claims by

-3-

reason of Plaintiff's own acts, omissions and conduct, and/or that of his agents.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.    Defendant alleges that any purported damages sought by Plaintiff were legally caused, in whole or in part, by the intentional conduct, willful misconduct, fault and/or negligence of persons or entities other than Defendant, including, but not limited to, Plaintiff and/or his agents.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Defendants allege that Plaintiff was careless and negligent in the matters alleged and/or the facts underlying them, thereby causing and contributing to any injury, damage or loss sustained by Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.    The Complaint is barred by Plaintiff's failure to join indispensible parties.

### NINETEENTH AFFIRMATIVE DEFENSE

19.    Defendant alleges that at the time of Defendant's alleged conduct, Defendant maintained reasonable procedures to comply with Civil Code section 1785.25 and the FCRA, and maintained reasonable procedures to comply with all provisions contained with those statutes. The assertion of this defense does not constitute an admission that Defendant at any time failed to comply with any provision of Civil Code section 1785.25 or the FCRA.

### TWENTIETH AFFIRMATIVE DEFENSE

20.    Defendant alleges that Plaintiff consented to the publication of any relevant statements Defendant made in connection with Plaintiff's account, or to the furnishing of any relevant information to a credit reporting agency. The assertion of this defense does not constitute an admission either that Defendant made any statements at all about the Plaintiff, or that any statements Defendant did make were defamatory, or that Defendant furnished any incorrect or incomplete information to a credit reporting agency. The assertion of this defense also does not constitute an admission that the Plaintiff has stated a claim under any common law or statutory theory.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Defendant alleges that Plaintiff failed to properly dispute the credit information with the credit reporting agency as a prerequisite to any such claim against Defendant, which bars Plaintiff's

-4-

1 │ claims pursuant to *Nelson v. Chase Manhattan Mortgage Corp.* (9$^{th}$ Cir. 2002) 282 F.3d 1057, 1059.

2 │ <div align="center">**TWENTY-SECOND AFFIRMATIVE DEFENSE**</div>

3 │     22.    Defendant alleges that statutory and common law immunities apply to the acts and/or

4 │ omissions complained of in the Complaint on file herein.

5 │ <div align="center">**TWENTY-THIRD AFFIRMATIVE DEFENSE**</div>

6 │     23.    Defendant alleges that all of its actions were taken in good faith and with a reasonable

7 │ belief that such actions were legal, appropriate and necessary.

8 │ <div align="center">**TWENTY-FOURTH AFFIRMATIVE DEFENSE**</div>

9 │     24.    Defendant is informed and believes and thereon alleges that the Complaint, and each

10 │ cause of action contained therein, was brought in "bad faith" and without probable cause, and therefore

11 │ constitutes malicious prosecution.

12 │ <div align="center">**TWENTY-FIFTH AFFIRMATIVE DEFENSE**</div>

13 │     25.    Defendant alleges that the claims asserted against it in the Complaint, and each cause of

14 │ action asserted therein, are barred because Defendant is entitled to rely upon the account information

15 │ provided to it by its creditor client.

16 │ <div align="center">**TWENTY-SIXTH AFFIRMATIVE DEFENSE**</div>

17 │     26.    Defendant alleges that with respect to Plaintiff's alleged claim for punitive damages, the

18 │ decisions of law allowing recovery of punitive damages, if applied in this case, would contravene the

19 │ Defendant's constitutional rights to substantive and procedural due process of law as preserved for this

20 │ Defendant by the Fourteenth Amendment of the United States Constitution, and further would

21 │ constitute a denial by this Court of this Defendant's constitutional right to equal protection under the

22 │ law as provided by the Fourteenth Amendment; and further would constitute cruel and unusual

23 │ punishment, as well as an excessive fine as proscribed by the Eighth Amendment; and further would

24 │ constitute a taking of private property for public use without just compensation, and such taking would

25 │ contravene this Defendant's constitutional rights preserved by the Fourteenth Amendment.

26 │ <div align="center">**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**</div>

27 │     27.    Defendant presently has insufficient knowledge or information on which to form a

28 │ belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant

1    reserves herein the right to assert additional defenses in the event discovery indicates that they would

2    be appropriate.

3            WHEREFORE, Defendant prays as follows:

4            1.      That Plaintiff take nothing from this answering Defendant by his Complaint;

5            2.      That Defendant be awarded judgment in this action;

6            3.      That Defendant be awarded attorneys' fees;

7            4.      For costs of suit incurred herein; and

8            5.      For such other and further relief as the Court deems proper.

9    Dated: December 29, 2009

10                                           ELLIS, COLEMAN, POIRIER, LAVOIE, &
                                             STEINHEIMER LLP

11

12                                           By _____
                                                June D. Coleman
13                                              Attorney for Defendant
                                                RICKENBACKER GROUP, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

1

<div align="center">

**DEMAND FOR JURY TRIAL**

</div>

2       Defendant RICKENBACKER COLLECTION DBA RICKENBACKER GROUP hereby

3   demands a jury trial in this matter.

4   Dated: December 29, 2009

5                               ELLIS, COLEMAN, POIRIER, LAVOIE, &
                            STEINHEIMER LLP

6

7                        By _____
                            June D. Coleman

8                               Attorney for Defendant
                            RICKENBACKER COLLECTION DBA

9                               RICKENBACKER GROUP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div align="center">

-7-

</div>

## CERTIFICATE OF SERVICE

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On December 29, 2009, I served the following document(s) on the parties in the within action:

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL**

| | | |
|---|---|---|
| X | **BY MAIL:** I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: | |
| | **BY HAND:** The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: | |
| | **VIA FACSIMILE:** The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: | |
| | **VIA OVERNIGHT SERVICE:** The above-described document(s) will be delivered by overnight service, to the following: | |

| | |
|---|---|
| Jan Van Dusen<br>Law Offices of Vivian Lu<br>35485-B Dumbarton Court<br>Newark, CA 94560 | Attorneys for<br>Plaintiff Zhixun Samuel Sun |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on December 29, 2009.

By _____
Jennifer E. Mueller

-8-

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

# EXHIBIT D

1  June D. Coleman – 191890
   Jennifer S. Gregory – 228593
2  ELLIS, COLEMAN, POIRIER, LAVOIE
      & STEINHEIMER, LLP
3  555 University Avenue, Suite 200 East
   Sacramento, CA  95825
4  Tel: (916) 283-8820
   Fax: (916) 283-8821
5
   Attorneys for Defendant RICKENBACKER GROUP, INC.
6

ENDORSED
FILED

2010 JAN 12  P  4: 11

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By_____
      C. Duarte
            Deputy Clerk

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SANTA CLARA

10

11  ZHIXUN SAMUEL SUN,                    Case No.:  109CV155169

12          Plaintiff,                    **PROOF OF SERVICE**

13  v.

14  RICKENBACKER COLLECTION dba
    RICKENBACKER GROUP,
15
            Defendant.
16

JCIMIGSSPC
RECEIVED
JAN 1 5 2010
By NCC-MAIL

17

18

19

20

21

22

23

24

25

26

27

28

-1-

CERTIFICATE OF SERVICE

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.  My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On January 8, 2010, I served the following document(s) on the parties in the within action:

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL**

| | | |
|---|---|---|
| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: | |
| | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: | |
| | **VIA FACSIMILE**:  The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: | |
| | **VIA OVERNIGHT SERVICE**:  The above-described document(s) will be delivered by overnight service, to the following: | |

| | |
|---|---|
| Zhixun Samuel Sun<br>10390 Calvert Drive<br>Cupertino, CA 95014 | In Pro Per |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on January 8, 2010.

By: _____
       Jennifer E. Mueller

-1-

# EXHIBIT E

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

June D. Coleman - 191890
Jennifer S. Gregory - 228593
Ellis Coleman Poirier LaVoie & Steinheimer, LLP
555 University Ave., Ste. 200 East
Sacramento, CA 95825
TELEPHONE NO.: (916) 283-8820     FAX NO. *(Optional):* (916) 283-8821
E-MAIL ADDRESS *(Optional):* jgregory@ecplslaw.com
ATTORNEY FOR *(Name):* Rickenbacker Group, Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: ZHIXUN SAMUEL SUN

DEFENDANT/RESPONDENT: RICKENBACKER COLLECTION aka
RICKENBACKER GROUP

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* [X] UNLIMITED CASE  [ ] LIMITED CASE | 109-CV-155169 |

*(Check one):*  [X] **UNLIMITED CASE**
(Amount demanded
exceeds $25,000)    [ ] **LIMITED CASE**
(Amount demanded is $25,000
or less)

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: March 16, 2010       Time: 1:30 P.M.     Dept.: 19       Div.:        Room:

Address of court *(if different from the address above):*

[X] Notice of Intent to Appear by Telephone, by *(name):* Jennifer S. Gregory

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. [X]  This statement is submitted by party *(name):* Rickenbacker Group, Inc.
   b. [ ]  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date):* October 20, 2009
   b. [ ]  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ]  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ]  The following parties named in the complaint or cross-complaint
      (1) [ ]  have not been served *(specify names and explain why not):*
      (2) [ ]  have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ]  have had a default entered against them *(specify names):*
   c. [ ]  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a.  Type of case in  [X] complaint  [ ] cross-complaint    *(Describe, including causes of action):*
      Unspecified intentional tort; general negligence; and punitive damages.

---

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Legal
Solutions
Plus

Page 1 of 4
Cal. Rules of Court,
rules 3.720–3.730

CM-110

| PLAINTIFF/PETITIONER: ZHIXUN SAMUEL SUN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: RICKENBACKER COLLECTION aka RICKENBACKER GROUP | 109-CV-155169 |

10. d.   The party or parties are willing to participate in *(check all that apply)*:

(1) [x] Mediation

(2) [ ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) [ ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) [ ] Binding judicial arbitration

(5) [ ] Binding private arbitration

(6) [ ] Neutral case evaluation

(7) [ ] Other *(specify):*

e. [ ] This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. [x] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*
CRC 3.811(b)(8) - several causes of action and amount in controversy exceeds $50,000.

11. **Settlement conference**

[ ] The party or parties are willing to participate in an early settlement conference *(specify when):*

12. **Insurance**

a. [ ] Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: [ ] Yes [ ] No

c. [ ] Coverage issues will significantly affect resolution of this case *(explain):*

13. **Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

[ ] Bankruptcy [ ] Other *(specify):*

Status:

14. **Related cases, consolidation, and coordination**

a. [ ] There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

[ ] Additional cases are described in Attachment 14a.

b. [ ] A motion to [ ] consolidate [ ] coordinate will be filed by *(name party):*

15. **Bifurcation**

[x] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):* Punitive damages.

16. **Other motions**

[x] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Motion for summary judgment, or in the alternative, motion for summary adjudication.

CM-110

| PLAINTIFF/PETITIONER: ZHIXUN SAMUEL SUN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: RICKENBACKER COLLECTION aka RICKENBACKER GROUP | 109-CV-155169 |

4.   b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff claims defendant falsely reported that plaintiff owed a debt, thereby lowering plaintiff's credit rating, and which caused him to be denied credit.  Defendant denies plaintiff's claims and asserts it owes plaintiff nothing.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**

The party or parties request   ☒ a jury trial   ☐   a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**

a.   ☐   The trial has been set for *(date):*

b.   ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Lead trial counsel will be unavailable due to trials set for 5/7/10-5/17/10, 6/22/10-6/25/10, 8/3/10-8/9/10, 8/10/10-8/16/10, 8/17/10-8/24/10 and 9/13/10-9/18/10.

7.   **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.   ☒ days *(specify number):*

b.   ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐   by the following:

a.   Attorney:

b.   Firm:

c.   Address:

d.   Telephone number:

e.   Fax number:

f.   E-mail address:

g.   Party represented:

☐   Additional representation is described in Attachment 8.

9.   **Preference**

☐   This case is entitled to preference *(specify code section):*

10.   **Alternative Dispute Resolution (ADR)**

a.   Counsel   ☒ has   ☐ has not      provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.

b.   ☐   All parties have agreed to a form of ADR. ADR will be completed by *(date):*

c.   ☐   The case has gone to an ADR process *(indicate status):*

---

CM-110 [Rev. January 1, 2009]                    **CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: ZHIXUN SAMUEL SUN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: RICKENBACKER COLLECTION aka RICKENBACKER GROUP | 109-CV-155169 |

**17. Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Rickenbacker Group | Written discovery | June 2010 |
| Rickenbacker Group | Deposition of Plaintiff | July 2010 |
| Rickenbacker Group | Third-party & expert depositions | September 2010 |

   c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

   a. ☐ This is a limited civil case (i.e,, the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*: Defendant has been unable to contact plaintiff, who is now in pro per. However, plaintiff has not provided defendant with his telephone number.

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21.** Total number of pages attached *(if any)*:_____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: March 1, 2010

Jennifer S. Gregory
_____
     (TYPE OR PRINT NAME)
▶ _____
     (SIGNATURE OF PARTY OR ATTORNEY)

_____
     (TYPE OR PRINT NAME)
▶ _____
     (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

# CERTIFICATE OF SERVICE

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.  My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On March 1, 2010, I served the following document(s) on the parties in the within action:

## CASE MANAGEMENT STATEMENT

| | |
|---|---|
| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| | **BY HAND**:  The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**:  The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**:  The above-described document(s) will be delivered by overnight service, to the following: |

| | |
|---|---|
| Zhixun Samuel Sun<br>10390 Calvert Drive<br>Cupertino, CA 95014 | Attorney in PRO PER |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on March 1, 2010.

By _____
    Jennifer E. Mueller