UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZHIXUN SAMUEL SUN, <br><br> Plaintiff, <br> v. <br><br> RICKENBACKER COLLECTION dba RICKENBACKER GROUP, <br><br> Defendant. | Case No.: 10-CV-01055-LHK <br><br> ORDER GRANTING MOTION TO DISMISS |

Defendant Rickenbacker Collection, dba Rickenbacker Group ("Rickenbacker"), moves to dismiss Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim with prejudice. Pursuant to Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for determination without oral argument and vacates the motion hearing. Having considered the submissions of the parties and the relevant law, the Court GRANTS Defendant's motion to dismiss Plaintiff's FDCPA claim with prejudice. The Court will hold a Case Management Conference, as scheduled, on February 24, 2011, at 1:30 p.m.

**I. Background**

This action arises out of the reporting by Defendant Rickenbacker of a debt allegedly owed by Plaintiff Zhixun Samuel Sun. On April 29, 2009, Plaintiff applied for a primary home loan at Wells Fargo Bank. First Amended Complaint ("FAC") at 2. In the process of applying for this loan, Plaintiff learned that his credit report indicated that he owed a debt of $8,810. *Id.* Plaintiff

1

1    alleges that Defendant placed the debt on Plaintiff's credit report without any initial
2    communication or written notice to Plaintiff, and that Defendant never verified the debt or
3    provided Plaintiff with the address of the original creditor. *Id.* When Plaintiff disputed the debt,
4    Defendant allegedly responded with a letter purporting to verify the debt and suggested that it was
5    in Plaintiff's interest to pay the account immediately. *Id.* At some point later, Defendant allegedly
6    increased the debt reported to $8,861.21. *Id.* at 3.

   Eventually Plaintiff hired two lawyers to help him dispute the debt and restore his credit
8    score. *Id.* On December 3, 2009, Defendant sent a notification of closure of the collection account
9    to Plaintiff, and on December 10, 2009, Defendant notified Plaintiff that it was initiating removal
10   of the debt from his credit report. *Id.* Plaintiff alleges, however, that Defendant failed to promptly
11   expunge the negative credit reporting, and as a result Plaintiff's credit score remained
12   approximately 54 points lower than it should have been. *Id.* at 4. Plaintiff claims that because of
13   the low credit score, he qualified only for a Federal Housing Administrating home loan or a Bank
14   of America home loan with a higher interest rate than he would otherwise have been charged. *Id.*
15   Plaintiff alleges that Defendant's conduct in attempting to collect the purported debt violated the
16   Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act, 15
17   U.S.C. § 1681 *et seq.*

18   **II. Legal Standard**

19   A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal
20   sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering
21   whether the complaint is sufficient to state a claim, the court must accept as true all of the factual
22   allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However,
23   the court need not accept as true "allegations that contradict matters properly subject to judicial
24   notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or
25   unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d
26   1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must
27   contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its
28   face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

1  (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference

2  that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If a court grants

3  a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be

4  cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

5  **III. Discussion**

6  Defendant moves to dismiss Plaintiff's FDCPA claim on grounds that Plaintiff's debt arises

7  from a business transaction and therefore falls outside the scope of the FDCPA. Based on the

8  exhibits attached to Plaintiff's FAC,[1] it appears that the purported debt arose out of an agreement

9  between Plaintiff and Shawn Lee (also known as Xiangqun Li). FAC Ex. 2-4. In 2006, when the

10 alleged debt was incurred, Plaintiff worked as an ultrasound technician for Reassuring Ultrasound

11 Imaging, Inc., in Los Angeles. *Id.* In May 2007, Plaintiff left to work at a hospital in northern

12 California and asked Lee to fill in for him. *Id.* According to Plaintiff, he offered to pay Lee $25

13 per hour to perform ultrasound diagnostic studies. FAC Ex. 2. Plaintiff claims that Lee performed

14 48 hours of work and that he paid him $1,330, approximately $130 more than he agreed to pay.

15 FAC Ex. 4. Lee contends that Plaintiff owes him $7,710. FAC Ex. 3.

16 Based on these facts, the Court agrees that the debt at issue in this case falls outside the

17 scope of the FDCPA. The FDCPA was enacted to protect consumers from unlawful debt

18 collection practices. "Because not all obligations to pay are considered debts under the FDCPA, a

19 threshold issue in a suit brought under the Act is whether or not the dispute involves a 'debt' within

20 the meaning of the statute." *Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir. 2004). The FDCPA

21 defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a

22 transaction in which the money, property, insurance, or services which are the subject of the

23 transaction are *primarily for personal, family, or household purposes*." 15 U.S.C. § 1692a(5)

24 (emphasis added). Based on this language, the Ninth Circuit has held that the FDCPA applies only

25 to consumer debts and not to business-related debts. *Bloom v. I.C. System, Inc.*, 972 F.2d 1067,

---

[1] Although a court generally may not consider extrinsic evidence on a motion to dismiss, the court may consider materials submitted by the plaintiff as part of the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Accordingly, the Court may properly consider the exhibits attached to Plaintiff's FAC in ruling on the motion to dismiss.

3
Case No.: 10-CV-01055-LHK
ORDER GRANTING MOTION TO DISMISS

1068 (9th Cir. 1992); *see also Simmonds and Narita LLP v. Schreiber*, 566 F. Supp. 2d 1015, 1017 (N.D. Cal. 2008).

In determining whether a particular debt is covered by the FDCPA, the court must "examine the transaction as a whole, paying particular attention to the purpose for which the credit was extended in order to determine whether [the] transaction was primarily consumer or commercial in nature." *Bloom*, 972 F.2d at 1068 (quotation marks and citation omitted). The fact that a loan is made or payment promised in an informal manner or for personal reasons does not make the debt a consumer debt under the FDCPA. *See id.*; *Slenk v. Transworld Systems, Inc.*, 236 F.3d 1072, 1075 (9th Cir. 2001). The Ninth Circuit's decision in *Bloom* is instructive. In that case, Bloom borrowed money from his friend Parker, apparently without telling Parker how he intended to use the borrowed money, and used the loan to invest in a software company. 972 F.2d at 1068. Although the loan was informal in nature and Parker made the loan for personal reasons, the Ninth Circuit held that the purpose of the loan was business-related and thus did not constitute a "debt" for purposes of the FDCPA. *Id.*

Here, Plaintiff promised to pay Lee to work for him temporarily at Reassuring Ultrasound Imaging, Inc. FAC Ex. 4 at 2. In the dispute letter Plaintiff sent to Defendant, Plaintiff represented that "I asked Mr. Li to take care of my business at Los Angeles temporarily, I would pay him $25.00 per hour for the medical ultrasound diagnostic study in my customer's facilities and using my ultrasound machine and my vehicle." FAC Ex. 2 at 1. Plaintiff also told Lee that if he wished to buy all of his equipment and take over his business, Lee could then collect service fees directly from Plaintiff's customers. *Id.* Based on these facts, it is clear that the payment dispute between Plaintiff and Lee centered on a purely business-related transaction. There is no indication that the debt Plaintiff purportedly owed Lee was used "primarily" – or at all – for "personal, family, or household purposes." 15 U.S.C. § 1692a(5). Under *Bloom*, moreover, the fact that Plaintiff's agreement with Lee was oral and relatively informal, FAC Ex. 4 at 2, does not transform Plaintiff's business agreement into a personal transaction. *Bloom*, 972 F.2d at 1068.

For these reasons, the Court agrees with Defendant that the debt at issue in this case is not a consumer debt for purposes of the FDCPA. Accordingly, Plaintiff cannot state a claim for

4

violations of the notice, validation, and unfair practices provisions of the Act, 15 U.S.C. §§1692e, 1692f, 1692g, and Plaintiff's FDCPA claim must be dismissed.  In addition, because "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," the Court finds that granting leave to amend would be futile.  *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).  Plaintiff's FDCPA claim is therefore dismissed with prejudice.

### IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's FDCPA claim with prejudice.  As Defendant's motion does not address Plaintiff's Fair Credit Reporting Act claim, however, that claim survives.  The Court will therefore hold a Case Management Conference, as previously scheduled, on February 24, 2011, at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: February 18, 2011

_____
LUCY H. KOH
United States District Judge