JUNE D. COLEMAN, State Bar No. 191890
jcoleman@kmtg.com
CANDICE L. FIELDS, State Bar No. 172174
cfields@kmtg.com
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Law Corporation
400 Capitol Mall, 27th Floor
Sacramento, CA 95814
Telephone:    916.321.4500
Facsimile:    916.321.4555

Attorneys for Defendant
RICKENBACKER COLLECTION dba RICKENBACKER GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZHIXUN SAMUEL SUN,<br><br>    Plaintiff,<br><br>v.<br><br>RICKENBACKER COLLECTION dba RICKENBACKER GROUP,<br><br>    Defendant. | CASE NO. C 10-01055 LHK<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS DEFENSE COUNSEL; DECLARATION OF JUNE D. COLEMAN**<br><br>Date:  TBD<br>Time:  TBD<br>Dept.:  Ctrm. 4, 5th Floor<br>Judge:  Hon. Lucy H. Koh<br>    United States District Court<br>    280 S. 1st Street<br>    San Jose, CA 95113<br><br>Am. Complaint filed: 11/15/2010 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

  PLEASE TAKE NOTICE that on ___TBD___, 2011, at ___TBD___ in Courtroom No. 4, 5th Floor of the above-captioned Court, KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD, counsel of record for RICKENBACKER COLLECTION dba RICKENBACKER GROUP (hereinafter jointly "RICKENBACKER"), will move to withdraw as

RICKENBACKER's counsel of record pursuant to **Civil Local Rule 11-5.**

The grounds for the Motion are that RICKENBACKER consents to the requested withdrawal, and has discharged counsel. Also, RICKENBACKER has not paid counsel for legal services provided in this case, in breach of Rickenbacker's legal services agreement.

The instant Motion is based upon the attached Memorandum of Points and Authorities, the attached Declaration of June D. Coleman, the files and records in the case, and any further evidence or argument presented at the hearing for this Motion.

Dated: March 3, 2011             KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
                                 A Professional Corporation


                                 By: /s/ June D. Coleman
                                     June D. Coleman
                                     Attorneys for Defendant
                                     RICKENBACKER COLLECTION dba
                                     RICKENBACKER GROUP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Kronick Moskovitz Tiedemann & Girard ("KMTG"), counsel of record for RICKENBACKER COLLECTION dba RICKENBACKER GROUP (hereinafter jointly "Rickenbacker") in the above captioned matter, requests that this Court grant KMTG leave to withdraw from the representation. As explained below, withdrawal is appropriate in this instance and will not significantly prejudice the Plaintiff, the Court, or RICKENBACKER.

## II. RELEVANT HISTORY

This action arises from alleged violations of the federal Fair Credit Reporting Act ("FCRA"). Plaintiff alleges that RICKENBACKER improperly reported negative information regarding Mr. Sun that was not accurate. RICKENBACKER However, the only private cause of action against a furnisher of information under the FCRA is for failure to conduct a reasonable investigation and report the results to the credit reporting agency after (1) the debtor has disputed the information with the credit reporting agency and (2) the credit reporting agency has requested that the furnisher of information to confirm the accuracy of the information furnished. Still, the furnisher of credit information does not have liability if the information is false, but rather only if the furnisher did not conduct a reasonable investigation after notification by the credit reporting agency. (See 15 U.S.C. § 1681s-2(b)-(c); *Nelson v. Chase* (9th Cir. 2002) 282 F.3d 1057, 1059-60.)

Rickenbacker alleges that there is no liability whatsoever under the FCRA arising from a written dispute from Plaintiff Sun directly to Rickenbacker. Assuming that Mr. Sun did inform the credit reporting agency and the credit reporting agency did contact Rickenbacker, Rickenbacker contends it conducted an investigation by reviewing the extensive documentation supplied by its client Mr. Li. (Coleman Decl., ¶ 2.)

The Complaint was filed on October 20, 2009. RICKENBACKER retained Ellis Coleman Poirier La Voie & Steinheimer, of Sacramento, California, until substituting KMTG, also of Sacramento, California, to handle its defense. RICKENBACKER removed the state court

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

962875.1 12345.010

Case No. C 10-01055 LHK

- 3 -

NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS DEFENSE COUNSEL

action to the instant federal court. An amended complaint was filed in November 2010. Rickenbacker has conducted written discovery and Plaintiff has not conducted any discovery. On February 24, 2010, the Court referred the matter to a magistrate for a settlement conference, to be conducted in 90 days. Trial is set for November 7, 2011. (*Id.* at ¶ 3.)

KMTG has discussed the issue of withdrawal from the representation of RICKENBACKER with RICKENBACKER. RICKENBACKER has discharged KMTG and consented to KMTG's withdraw as counsel of record. (*Id.* at ¶ 5.)

Furthermore, RICKENBACKER has informed KMTG that it can no longer pay any defense costs and will have difficulty paying the defense costs incurred. Moreover, RICKENBACKER has breached its legal services agreement with KMTG and has not paid agreed to fees. (*Id.* at ¶ 4.)

### III.   LEGAL ARGUMENT

#### A.   Withdrawal of Counsel in This Instance Is Appropriate

**Local Rule 11-5** requires an attorney to seek leave from the court before withdrawal. The decision to grant or deny counsel's motion to withdraw is within the discretion of the trial court. (*Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982); *Beard v. Shuttermart of Cal., Inc.* 2008 WL 410694, p. 2 (S.D. Cal. 2008).) Even in cases where the client is a corporation, courts should permit withdrawal if there is good reason. (See, e.g., *Liang v. Cal-Bay Intern., Inc.*, 2007 WL 3144099 (S.D. Cal. 2007) (withdrawal permitted by court despite the fact that client was a corporation).)

Courts often weigh four factors in determining whether to grant or deny such a motion. (*Nedbank Intern., Ltd. v. Xero Mobile, Inc.*, 2008 WL 4814706, p. 2 (C.D. Cal. 2008); *Taylor v. Stewart*, 20 F.Supp.2d 882, 883-85 (E.D Pa. 1998) These factors include the following: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." (*Id.*)

A valid reason for withdrawal exists where the client consents to the withdrawal. (See

**Cal. R. Prof. Conduct 3–700(C)(5);** see also 2 Vapnek, Paul, W., et al., *California Practice Guide: Professional Responsibility* (Rutter Group rev. ed. 2010) p. 10-11, ¶ 10:68.) An attorney may withdraw if the client "knowingly and freely" agrees to terminate employment. (2 Vapnek, *supra*, at p. 10-11, ¶ 10-68.)

Another valid reason for withdrawal exists where the client makes it "unreasonably difficult for the attorney to carry out the employment effectively."[1] **(Cal. R. Prof. Cond. 3–700(C)(1)(d).)** In determining whether withdrawal will be permitted, courts will consider whether the client is cooperative and willing to assist the attorney in the case. (*National Career College, Inc. v. Spellings*, 2007 WL 2048776, at *2 (D. Haw. 2007) (withdrawal permitted based on client's failure to communicate regarding handling of case).) Thus, an inability to contact the client is valid reason for withdrawal. (See, e.g., **Cal. R. Prof. Cond. 3–700(B)**;2 Vapnek, *supra*, p. 10-9, ¶ 10:48.) A client's repeated failure to communicate with counsel in not responding to phone calls and written communication is sufficient to be considered conduct making it unreasonably difficult for counsel to carry out the litigation. (*Steele v. Hernandez*, 2:06-CV-02088, 2007 WL 1521038, *1 (E.D. Cal. 2007) (withdrawal permitted where clients failed to respond to phone calls and written communication); see also *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1139-40 (9th Cir. 1989) (withdrawal granted even though plaintiff was a corporation because it failed to consistently respond to counsel's communications).)

An attorney may also withdraw when the client violates the legal services agreement, including failure to maintain communication with the attorney. **(Cal. R. Prof. Cond. 3–700(C)(1)(f).)** Courts have also held that the failure to pay attorney's fees is grounds for withdrawal. (See *Schueneman v. 1st Credit of America, LLC*, No. C 05 4505 MHP, 2007 WL 1969708, at *7-8 (N.D. Cal. July 6, 2007); *Statue of Liberty-Ellis Island Foundation, Inc. v. International United Industries, Inc.*, 110 F.R.D. 395, 397 (S.D.N.Y. 1986).)

---

[1] KMTG is limited in its ability to disclose all information in light of its professional obligations under California law. (See **Cal. R. Court 3.1362(c)**.) However, California law does permit defense counsel to inform the court in broad terms that the client has made it unreasonably difficult to carry out the representation and/or "the client has not paid agreed fees." (See 2 Vapnek, *supra*, at p. 10-17 through 10-18, ¶ 10:101.)

Here, the relevant factors weigh in favor of permitting KMTG to withdraw. First, the reasons for the withdrawal are valid ones: (1) RICKENBACKER agrees to terminate the employment (Coleman Decl., ¶ 5); (2) RICKENBACKER will no longer pay the costs for its defense; and (3) RICKENBACKER has violated the terms of the legal services agreement, including but not limited to a failure to maintain communication with KMTG (*id.* at ¶ 4).

Under the second factor, the Court must consider the prejudice to the parties that a withdrawal would cause. Since a corporation cannot appear *pro se*, RICKENBACKER would need to find other counsel. The trial date for this case is set for November 7, 2011, which leaves sufficient time for RICKENBACKER to obtain new counsel without hindering its preparation for trial. However, KMTG is informed and believes that Rickenbacker has closed its doors. Therefore, the prejudice to RICKENBACKER is negligible here. Furthermore, KMTG is prepared to forward the entire case file to RICKENBACKER within 3 business days of the granting of this Motion so as to limit any possible prejudice due to withdrawal, if requested by Rickenbacker. (*Id.* at ¶ 7.)

Similarly, Plaintiff would not suffer any significant undue prejudice due to a withdrawal. Although a temporary "standstill" in the litigation while RICKENBACKER seeks new counsel is possible, this period would likely be brief due to the ample amount of notice that RICKENBACKER has been given prior to the hearing on this matter.

The final factors this Court should consider are whether the withdrawal would harm the administration of justice and the degree to which withdrawal will delay the resolution of the case. This litigation is not at an advanced stage. (*Id.* at ¶ 3.) But it looks as though Rickenbacker will no longer defend this case. However, new counsel, if necessary, should be able to become familiar with the case quickly. The procedural history of the case is minimal. Thus, withdrawal will not unduly delay any further activity in this action or otherwise harm the administration of justice.

///

## IV. CONCLUSION

KMTG respectfully requests that this Court enter an order granting its Motion to Withdraw, and to direct RICKENBACKER to obtain other counsel. Good cause exists for such an order, and there will be little if any prejudice to the parties or the Court if the Motion is granted.

Dated: March 3, 2011

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation

By: /s/ June D. Coleman
June D. Coleman
Attorneys for Defendant
RICKENBACKER COLLECTION dba
RICKENBACKER GROUP

## DECLARATION OF JUNE D. COLEMAN

I, June D. Coleman declare as follows:

1.  I am an attorney duly licensed to practice in all courts of the State of California, as well as all the federal courts in California and the Ninth Circuit Court of Appeals. I am of counsel with the law firm of Kronick Moskovitz Tiedemann & Girard ("KMTG"), attorneys of record for RICKENBACKER COLLECTION dba RICKENBACKER GROUP (hereinafter jointly "Rickenbacker"). I have personal knowledge of the information set forth herein below, unless noted as based on information and belief, all of which is true and correct of my own personal knowledge, and if called upon to testify, I could and would competently testify thereto.

2.  This action arises from alleged violations of the federal Fair Credit Reporting Act ("FCRA"). Plaintiff alleges that RICKENBACKER improperly reported negative information regarding Mr. Sun that was not accurate. RICKENBACKER However, the only private cause of action against a furnisher of information under the FCRA is for failure to conduct a reasonable investigation and report the results to the credit reporting agency after (1) the debtor has disputed the information with the credit reporting agency and (2) the credit reporting agency has requested that the furnisher of information to confirm the accuracy of the information furnished. Still, the furnisher of credit information does not have liability if the information is false, but rather only if the furnisher did not conduct a reasonable investigation after notification by the credit reporting agency. (See 15 U.S.C. § 1681s-2(b)-(c); *Nelson v. Chase* (9th Cir. 2002) 282 F.3d 1057, 1059-60.) Rickenbacker alleges that there is no liability whatsoever under the FCRA arising from a written dispute from Plaintiff Sun directly to Rickenbacker. Assuming that Mr. Sun did inform the credit reporting agency and the credit reporting agency did contact Rickenbacker, Rickenbacker contends it conducted an investigation by reviewing the extensive documentation supplied by its client Mr. Li.

3.  The Complaint was filed on October 20, 2009. RICKENBACKER retained Ellis Coleman Poirier La Voie & Steinheimer, of Sacramento, California, until substituting KMTG, also of Sacramento, California, to handle its defense. RICKENBACKER removed the state court

962875.1 12345.010

- 8 -

Case No. C 10-01055 LHK

NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS DEFENSE COUNSEL

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

action to the instant federal court. An amended complaint was filed in November 2010. Rickenbacker has conducted written discovery and Plaintiff has not conducted any discovery. On February 24, 2010, the Court referred the matter to a magistrate for a settlement conference, to be conducted in 90 days. Trial is set for November 7, 2011.

4. Rickenbacker has informed me that it can no longer pay any defense costs. KMTG has not received any money for its legal services in this case. Rickenbacker has not paid KMTG the agreed to fees. Rickenbacker is in breach of its legal services agreement. I am informed and believe that Rickenbacker has closed.

5. I discussed the issue of my firm's withdrawal from the representation of RICKENBACKER with Mr. Casas, the owner of Rickenbacker. He agreed that KMTG could withdraw, and indeed discharged KMTG.

6. RICKENBACKER was served with this Motion by mailing the moving papers, as demonstrated by the proof of service. Prior to service of the Motion, I notified RICKENBACKER in writing that it could not appear in this action pro se, and that if withdrawal is granted, it would need to obtain new counsel. I also told RICKENBACKER that if it did not obtain new counsel, it could face a default judgment. I did not receive any response from my email. I did not receive any notification that the email was not deliverable.

7. KMTG is prepared to forward the entire case file to RICKENBACKER within 3 business days of the granting of this Motion so as to limit any possible prejudice due to withdrawal, if requested by Rickenbacker.

8. I met and conferred with Mr. Sun, plaintiff, via telephone regarding this Motion on March 3, 2011. Mr. Sun wanted to review the papers before making a decision as to whether he would oppose.

I declare under the penalty of perjury under the laws of the state of California that the foregoing is true and correct and that this declaration was executed at Sacramento, California on March 3, 2011.

/s/ June D. Coleman
JUNE D. COLEMAN

# PROOF OF SERVICE

I, Maureen McGuire, declare:

I am a citizen of the United States and employed in Sacramento County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 400 Capitol Mall, 27th Floor, Sacramento, California 95814. On March 3, 2011, I served a copy of the within document(s):

**NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS DEFENSE COUNSEL; DECLARATION OF JUNE D. COLEMAN**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed FedEX envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FedEX agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Zhixun Samuel Sun<br>10390 Calvert Drive<br>Cupertino, CA 95014 | Plaintiff Pro Per |
| Carlos Casas<br>Rickenbacker Group, Inc.<br>15005 Concord Circle<br>Morgan Hill, CA 95037 | Defendant |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on March 3, 2011, at Sacramento, California.

/s/ Maureen McGuire
Maureen McGuire

962875.1 12345.010

- 10 -

Case No. C 10-01055 LHK

NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS DEFENSE COUNSEL

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW