1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZHIXUN SAMUEL SUN, | ) Case No.: 10-CV-01055-LHK |
| Plaintiff, | ) |
| | ) ORDER GRANTING CONDITIONAL |
| v. | ) WITHDRAWAL OF COUNSEL |
| | ) |
| RICKENBACKER COLLECTION dba | ) |
| RICKENBACKER GROUP, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

Counsel for Defendant Rickenbacker Collection has moved to withdraw as counsel in this matter.  Although Defendant has consented to the withdrawal, Plaintiff Zhixun Samuel Sun opposes the motion.  The Court held a hearing on April 7, 2011.  Having considered the submissions and arguments of the parties, the Court grants the motion to withdraw, subject to the condition that papers continue to be served on counsel for forwarding purposes for 30 days. Defendant must obtain new counsel within 30 days of this Order.

**I.  Background**

On October 20, 2009, Plaintiff Zhixun Samuel Sun filed an action in state court alleging that Defendant Rickenbacker Collections ("Rickenbacker") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Rickenbacker was originally represented by Ellis, LaVoie, Poirier, Steinheimer, & McGee, LLP. After removing the case to federal court, Rickenbacker substituted June D. Coleman and Candice Lynn Fields, of Kronick, Moskovitz, Tiedemann & Girard, as its counsel of record.  On February

1

18, 2011, the Court granted Defendant's motion to dismiss the Fair Debt Collection Practices Act claim with prejudice and subsequently referred the parties to a Magistrate Judge Settlement Conference, to be held by May 25, 2011.  The case is currently set for trial on November 7, 2011, approximately seven months from now.

On March 3, 2011, counsel for Defendant moved for leave to withdraw.  In the motion and supporting declaration, counsel represents that Rickenbacker consents to the requested withdrawal and has discharged counsel.  Counsel further represents that Defendant can no longer pay any defense costs and has breached its legal services agreement by failing to pay the agreed-upon fees.  Indeed, it appears that Defendant is no longer in business.  Plaintiff opposes the motion to withdraw on grounds that withdrawal of defense counsel will cause delay and prevent Plaintiff from recovering from Defendant.  Plaintiff requests that the Court order counsel to continue its representation of Rickenbacker until Plaintiff can obtain a default judgment.

## II. Analysis

Pursuant to Civil Local Rule 11-5(b), counsel may not withdraw from an action until relieved by order of the Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case.  Civil Local Rule 11-5(b).  The decision to permit counsel to withdraw is within the sound discretion of the trial court.  *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).  When addressing a motion to withdraw, the consent of the client is not dispositive.  *Robinson v. Delgado*, No. CV 02-1538, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010).  Rather, the court must consider factors such as the reason counsel seeks to withdraw, the possible prejudice caused to the litigants, and the extent to which withdrawal may delay resolution of the case.  *Id.*

Additionally, Civil Local Rule 11-4(a)(1) mandates compliance with the standards of professional conduct required of members of the State Bar of California.  Civ. L. R. 11-4(a)(1). The California Rules of Professional Conduct permit counsel to withdraw in cases where the client "breaches an agreement or obligation to the member as to expenses or fees," or where the client "knowingly and freely assents" to withdrawal.  Cal. Rules of Prof'l Conduct 3-700(C)(1)(f), (5).  In all cases, however, counsel must take "reasonable steps to avoid reasonably foreseeable prejudice

2

**United States District Court**
For the Northern District of California

1  to the rights of the client, including giving due notice to the client, allowing time for employment

2  of other counsel, complying with Rule 3-700(D) [which addresses the disposition of client papers

3  and property], and complying with applicable laws and rules." *Id.* 3-700(A)(2).

4       In this case, Defendant has breached an agreement to make payments for legal services,

5  consented to withdrawal, and discharged defense counsel.  Furthermore, counsel has explained to

6  Defendant the consequences of withdrawal: that is, as a corporate entity, Defendant cannot appear

7  in this action *pro se*, Civ. L.R. 3-9(b), and may face default judgment if it does not retain new

8  counsel.[1]  Defense counsel also represents that it is prepared to forward the entire case file to

9  Defendant within three business days of the granting of its motion to withdraw.  Based on these

10  representations, withdrawal is permitted under California Rules of Professional Conduct 3-

11  700(C)(1)(f) and (C)(5), as long as it would not otherwise prejudice the litigants or cause undue

12  delay of the case.

13       Plaintiff Sun opposes withdrawal on grounds that it would delay the case and allow

14  Defendant to avoid liability.  Plaintiff suggests that only defense counsel is able to contact

15  Rickenbacker and that, therefore, if defense counsel is permitted to withdraw, Plaintiff will be

16  unable to recover from Rickenbacker and restore his credit.  The Court understands Plaintiff's

17  concerns, but does not believe that withdrawal will cause Plaintiff prejudice or unduly delay the

18  case.  The Court will minimize delay by ordering Defendant to retain new counsel within 30 days

19  of this Order.  If Defendant fails to retain new counsel within 30 days or otherwise ceases to

20  participate in this case, Plaintiff may seek entry of default and move for default judgment.

21  Whether Plaintiff is ultimately able to obtain or enforce a default judgment does not depend upon

22  counsel's continued involvement in the case.

23       Under Civil Local Rule 11-5(b), when withdrawal by an attorney is not accompanied by

24  simultaneous appearance of substitute counsel, the court may grant withdrawal subject to the

25  condition that papers continue to be served on counsel for forwarding purposes, unless and until the

26

27  [1] Under Civil Local Rule 3-9, individuals may appear in a lawsuit without counsel, but
corporations and other such entities must be represented by an attorney.  Civil Local Rule 3-9(b)

28  provides: "A corporation, unincorporated association, partnership or other such entity may appear
only through a member of the bar of this Court."

Case No.: 10-CV-01055-LHK
ORDER GRANTING CONDITIONAL WITHDRAWAL OF COUNSEL

client appears by other counsel.  Given Plaintiff's concerns about the difficulty of contacting Defendant and the possibility that Defendant may not retain new counsel, the Court finds it appropriate to grant withdrawal subject to the condition that papers continue to be served on Kronick, Moskovitz, Tiedemann & Girard for forwarding purposes for 30 days.  In addition, by April 12, 2011, counsel shall file a notice providing contact information for the owner of Rickenbacker collections, including a name, phone number, address, and email address (if available).

### III. Conclusion

For the foregoing reasons, the Court GRANTS the motion to withdraw subject to the condition that that papers continue to be served on counsel for forwarding purposes for 30 days. Counsel shall serve a copy of this Order on Defendant and file proof of service with the Court no later than April 12, 2011.  Counsel shall also file a notice providing contact information for the owner of Rickenbacker Collection by April 12, 2011. **Defendant is ordered to retain new counsel within 30 days of this the date of this Order.**  If new defense counsel does not enter an appearance within 30 days, Defendant will be in default and may face entry of default judgment. **IT IS SO ORDERED.**

Dated: April 8, 2011

_____
LUCY H. KOH
United States District Judge

Case No.: 10-CV-01055-LHK
ORDER GRANTING CONDITIONAL WITHDRAWAL OF COUNSEL

United States District Court
For the Northern District of California