NOV 29 2011

RICHARD W. WIEKING, CLERK

ALBERT J YOUNGER
DEPUTY CLERK

FILED
2011 MAY 24 P 2:21

ZHIXUN SAMUEL SUN
10390 Calvert Drive
Cupertino, CA 95014
Pro Se

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ZHIXUN SAMUEL SUN,

    Plaintiff,

vs.

RICKENBACKER COLLECTION dba RICKENBACKER GROUP,

    Defendant.

Case Number: C 10-01055-EJD

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(a) AND MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO FED.R. CIV. P. 55(b)

DATE: November 4, 2011
TIME: 9:00 a.m.
COURTROOM: 1
JUDGE: Hon. Judge Davila

    **PLEASE TAKE NOTICE** that on November 4, 2011, at 9:00am, or as soon thereafter as the matter can be heard, in the courtroom of the Honorable Judge Davila, located at 280 South First Street, San Jose, CA, in courtroom 1, 5th floor, Plaintiff will, and hereby does, move for an entry of default and default judgment pursuant to Fed. R. Civ. P. 55(a) and (b).

    The motion will be based on this Notice of Motion and Motion for Entry of Default and Default Judgment, the attached Affidavit of Zhixun Samuel Sun, and the [Proposed] Order filed herewith.

**I. Background**

    On October 20, 2009, Plaintiff Zhixun Samuel Sun ("Sun") filed an action in state court alleging that Defendant Rickenbacker Collections ("Rickenbacker") violated the Fair Debt

1  Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C.
2  § 1681 *et seq.* Sun served Rickenbacker with the state court summons and complaint and on
3  March 11, 2010 Rickenbacker filed a Notice of Removal of Action to Federal Court.
4      Rickenbacker was originally represented by Ellis, LaVoie, Poirier, Steinheimer, & McGee,
5  LLP. After removing the case to federal court, Rickenbacker substituted June D. Coleman and
6  
7  Candice Lynn Fields, of Kronick, Moskovitz, Tiedemann & Girard, as its counsel of record. On
8  February 18, 2011, the Court granted Defendant's motion to dismiss the Fair Debt Collection
9  Practices Act claim with prejudice, although the Court did not dismiss Sun's Fair Credit
10 Reporting Act claim.
11     On March 3, 2011, counsel for Defendant moved for leave to withdraw. In the motion and
12 supporting declaration, counsel represented that Rickenbacker consented to the requested
13 withdrawal and had discharged counsel. Counsel further represented that Defendant could no
14 
15 longer pay any defense costs and had breached its legal services agreement by failing to pay the
16 agreed-upon fees. In an order dated April 8, 2011 the Court granted counsel's motion to
17 withdraw as counsel. *See* Order Granting Conditional Withdrawal of Counsel. In the order, the
18 Court indicated that because Rickenbacker is a corporate entity, it could not appear in this action
19 *pro se,*". *Id.* at 3, ¶ 6-7. Moreover, the Court indicated that Rickenbacker "may face default
20 judgment if it does not retain new counsel." *Id.* at 7-8. Finally, in the conclusion, the Court
21 
22 ordered that Rickenbacker "**retain new counsel within 30 days of this the date of this Order.**
23 If new defense counsel does not enter an appearance within 30 days, Defendant will be in default
24 and may face entry of default judgment" *Id.* at 13-15. It has been more than 30 days since the
25 order was issued and Rickenbacker has not apprised Sun of the appointment of new counsel and
26 the Court docket does not indicate that new counsel has made an appearance on behalf of
27

PLAINTIFF'S NOTICE OF MOTION AND         2        C 10-01055-EJD
MOTION FOR ENTRY OF DEFAULT AND
DEFAULT JUDGMENT

Rickenbacker. Based on these facts, and the legal arguments made herein, Sun moves for an entry of default judgment or, in the alternative, entry of default.

## II. Motion for Entry of Default

Suns seeks an entry of default pursuant to Fed. R. Civ. P. 55(a). This rule states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

In this instance, Rickenbacker has failed to properly defend itself, as required by the Court's April 8, 2011 order. Although Rickenbacker answered the Amended Complaint with a Motion to Dismiss, which was granted in part, Rickenbacker is still obligated to defend itself with respect to the portion of Sun's Amended Complaint that was not dismissed. However, after counsel for Rickenbacker was permitted to withdraw, Rickenbacker failed to obtain new counsel. Because Rickenbacker is a corporation it cannot proceed pro se in this matter. Civ. L.R. 3-9(b). Therefore, Rickenbacker's failure to appoint new counsel amounts to a failure to defend itself in this matter. Under this standard, Sun is entitled to entry of default against Rickenbacker.

## III. Motion for Entry of Default Judgment

Fed. R. Civ. P. 55(b)(1) states: "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b)(1).

Sun has attached an Affidavit to this Notice of Motion and Motion indicating that the relief he seeks is for a sum certain. Sun's Amended Complaint, filed November 15, 2010, sought the

following relief:

   (1) $27,189.54 in monetary damages;

   (2) Injunctive relief seeking that Rickenbacker clean up inaccurate and negative information reported by Rickenbacker to the three credit reporting agencies;

   (3) If Rickenbacker fails to comply with the injunctive relief sought, Sun seeks additional monetary damages in the amount of $87,675.

*See* Amended Complaint, 5, ¶ 22-27.

Default judgment under Fed. R. Civ. P. 55(b)(1) is proper because Rickenbacker has failed to obtain new counsel in a timely manner, as required by the Court's April 8, 2011 order. This order specified that "[i]f new defense counsel does not enter an appearance within 30 days, Defendant will be in default and may face entry of default judgment." Order Granting Conditional Withdrawal of Counsel, 4, ¶ 14-15. Moreover, case law supports the position that failure to properly appoint counsel subjects a defendant to default judgment. *See Rhino Associates, L.P. v. Berg Mfg. and Sales Corp.*, 531 F. Supp. 2d 652, 656 (M.D. Pa. 2007) (finding that a party who answers but fails to properly retain counsel may have a default judgment entered against it). Thus, Rickenbacker's failure to obtain new counsel for appearance within this matter already places Rickenbacker in default. Accordingly, Sun seeks an entry of default judgment for the sum certain of $27,189.54 as well as injunctive relief, as specified above. If the injunctive relief is not complied with, Sun seeks an additional $87,675 in monetary damages.

## IV. Conclusion

For the foregoing reasons, Sun respectfully requests that this Court enter default and default judgment against Rickenbacker.

Respectfully Submitted,

Date: May 24, 2011    _____
ZHIXUN SAMUEL SUN
Pro Se