**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZHIXUN SAMUEL SUN, ) | Case No.: 5:10-CV-1055 EJD |
| ) | |
| Plaintiff, ) | **ORDER GRANTING MOTION FOR** |
| ) | **ENTRY OF DEFAULT** |
| v. ) | |
| ) | **(Re: Docket No. 58)** |
| RICKENBACKER COLLECTIONS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Pending before the court is Plaintiff Zhixun Samuel Sun's ("Sun") motion for entry of default. For the reasons discussed below, the court orders the Clerk of the Court to enter default as to Defendant Rickenbacker Collections ("Rickenbacker").

**I.      BACKGROUND**

Sun filed his initial complaint alleging negligence and an intentional tort on October 20, 2009 in Santa Clara County Superior Court. On January 8, 2010, Rickenbacker filed its Answer to the initial complaint. See Docket No. 1 Ex. C. On March 11, 2010, Rickenbacker removed the action to this court. On November 15, 2010, Sun filed the First Amended Complaint ("FAC") alleging two causes of action: (1) violation of the Fair Debt Collection Practices Act ("FDCPA") and (2) violation of the Fair Credit Reporting Act. On December 7, 2010, Rickenbacker filed a motion to dismiss the FDCPA claim. On February 18, 2011, Judge Lucy Koh granted the motion to

dismiss the FDCPA claim and noted that because the motion did not address the Fair Credit Reporting Act claim, the Fair Credit Reporting Act claim survived.

On March 3, 2011, counsel for Rickenbacker filed a motion to withdraw as attorney. On April 8, 2011, Judge Koh granted the motion to withdraw and ordered Rickenbacker to "retain new counsel within 30 days of this the date of [the] Order. If new defense counsel does not enter an appearance within 30 days, Defendant will be in default and may face entry of default judgment." Docket No. 40 at 4:13-15. New counsel for Rickenbacker has not appeared.

On April 25, 2011, the action was reassigned to the undersigned. On May 24, 2011, Sun filed a motion for entry of default and a motion for default judgment. The motions were brought under Fed. R. Civ. P. 55(a) and Fed. R. Civ. P. 55(b)(1), which require the clerk to enter default in particular circumstances. Thus, on November 2, 2011, the motion was referred to the Clerk of the Court. See. Docket No. 50. On November 29, 2011, the Clerk declined to enter default. On December 13, 2011, Sun filed a second motion for entry of default. On December 22, 2011, the Clerk again declined to enter default.

On February 28, 2012, Sun filed the third motion for entry of default, which is currently before the court.

## II.     LEGAL STANDARD

**A.  Entry of Default**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before a default will be entered, the court clerk must be satisfied from plaintiff's request and accompanying documentation that (1) defendant has been served with the summons (or has agreed to waive service); (2) the time allowed by law for responding has expired; (3) defendant has failed to file a pleading or motion permitted by law; and (4) defendant is neither a minor nor an incompetent person. <u>Bibbs v. Tilton</u>, No. No. 1:11–cv–01012–GSA–PC, 2011 WL 6130901, at *1 (E.D. Cal. Dec. 8, 2011).

**B. Time to File Responsive Pleading**

"A defendant must serve an answer within 21 days after being served with the summons and complaint" Fed. R. Civ. P. 12(a)(1)(A). If an amended complaint is filed, an answer "must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). Pursuant to Fed. R. Civ. P. 12(a)(4)(A), if a defendant files a motion under Fed. R. Civ. P. 12 and "the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action." The majority of courts have held that Rule 12(a)(4)(A) also applies in circumstances where, as here, the defendant files a motion to dismiss that is only partially dispositive. See Talbot v. Sentinel Ins. Co., Ltd., No. 2:11–cv–01766–KJD–CWH, 2012 WL 1068763, at *4 (collecting cases and agreeing with the majority of courts that have held that a pending motion to dismiss, although it may only address some of the claims alleged, tolls the time to respond to all claims under Rule 12(a)(4)).

**C. *Pro Se* Status**

Under Civil Local Rule 3-9, individuals may appear in a lawsuit without counsel, but corporations and other such entities must be represented by an attorney. Civil Local Rule 3-9(b) provides: "A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."

### III. DISCUSSION

Rickenbacker has been served with the summons, FAC, and Judge Koh's order holding that Sun's Fair Credit Reporting Act claim survived Rickenbacker's motion to dismiss. See Docket No. 4, 23, 32; Civil L.R. 5-1(h). Pursuant to Rule 12(a)(4)(A), Rickenbacker was required to file an answer to the remaining Fair Credit Reporting Act claim no later than 14 days after notice of the court's action on the motion to dismiss. See Talbot, 2012 WL 1068763, at *4. The court issued its order granting the partial motion to dismiss on February 18, 2011. Thus, Rickenbacker was required file its answer to the Fair Credit Reporting Act claim no later than March 4, 2011. To date, no answer has been filed. Thus, the time allowed by law for responding has expired, and

Rickenbacker, which is neither a minor nor an incompetent, failed to file a pleading or motion. Sun's motion for entry of default therefore is GRANTED.

The court also notes that Rickenbacker has failed to comply with Judge Koh's order that it "retain new counsel within 30 days of this the date of [the] Order. If new defense counsel does not enter an appearance within 30 days, Defendant will be in default and may face entry of default judgment." Docket No. 40 at 4:13-15. New counsel for Rickenbacker has not appeared. Thus, Rickenbacker has failed to comply with Judge Koh's order and remains unable to plead or otherwise defend in this action.

## IV. CONCLUSION

The motion for entry of default is GRANTED. The Clerk of the Court shall enter default as to Rickenbacker. If Sun seeks a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), Sun must notice the motion for hearing before this court and serve Rickenbacker.

Dated: July 10, 2012

EDWARD J. DAVILA
United States District Judge