UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZHIXUN SAMUEL SUN,<br><br>　　　　Plaintif,<br><br>　v.<br><br>RICKENBACKER COLLECTION dba<br>RICKENBACKER GROUP,<br><br>　　　　Defendant. | Case No.: 5:10-CV-01055-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**[Re: Docket No. 61, 62, 64]** |

Presently before the court is pro se Plaintiff Zhixun Samuel Sun's motion for entry of default judgment for $27,189.54 in monetary damages and injunctive relief against Defendant Rickenbacker Collection. Plaintiff seeks relief for injuries arising out of Defendant's alleged violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2. The Court took the Plaintiff's motion under submission without oral argument pursuant to Civil L.R. 7-1(b). Having considered the moving papers, the briefs, and the evidence presented, the motion is DENIED for the reasons discussed below.

**I. Background**

On October 20, 2009, Plaintiff filed an action in Santa Clara County Superior Court alleging negligence and an intentional tort on October 20, 2009 in Santa Clara County Superior Court. See Dkt. No. 1, Ex. A. Defendant filed an Answer to this initial complaint, and subsequently removed the action to this court.

The court recites the factual background of this case from the allegations contained in Plaintiff's First Amended Complaint ("FAC"). Dkt. No. 23. On April 29, 2009, Plaintiff applied

1
Case No.: 5:10-CV-01055-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

for a primary home loan at Wells Fargo Bank. FAC 2:16-17. In the process of applying for this loan, Plaintiff learned that his credit report indicated that he owed a debt of $8,810. Id. at 2:18-19. According to Plaintiff, Defendant placed this debt on Plaintiff's credit report without verifying the debt, communicating with Plaintiff, or providing the address of the original creditor to Plaintiff. Id. at 2:20-22. Plaintiff disputed the debt, and Defendant responded with a letter purporting to verify the debt and suggesting Plaintiff pay the account immediately. Id. at 2:23-27. Defendant later increased this debt to $8,861.21, and later again to $8,992. Id. at 3:2, 3:16.

Plaintiff hired attorney Edwin Chau to dispute the debt for him. Id. at 3:6. Mr. Chau sent a dispute letter to Defendant regarding the debt on July 9, 2009. Id. at 3:8-10. Plaintiff paid Mr. Chau $885.54 in fees. FAC, Ex. 5. On September 15, 2009, Plaintiff hired attorney Vivian Lu to represent him in a civil lawsuit against Defendant. FAC, at 3:12-14. Ms. Lu filed the lawsuit in Santa Clara Superior Court October 20, 2009. Plaintiff incurred $3282.00 in Ms. Lu's attorney fees. FAC, Ex. 10.

On December 3, 2009, Defendant sent Plaintiff a letter notifying him of closure of the collection account against him. FAC, Ex. 7. Several days letter, Defendant sent another notification of the account closure, stating that it had initiated a removal of the debt from Plaintiff's credit reporting. FAC, Ex. 8. A month later, Plaintiff's credit report still did not reflect the correction. FAC 4:1-2.

Plaintiff continued to pursue this case after receiving these letters from Defendant. On November 15, 2010, Plaintiff filed her FAC, alleging violation of the federal Fair Debt Collection Practices Act ("FDCPA") and violation of the Fair Credit Reporting Act ("FCRA"). Defendant filed a motion to dismiss the FDCPA claim, which Judge Lucy Koh granted on February 18, 2011. Defendant did not address the FCRA claim, and thus that claim has survived.

Under Fed. R. Civ. P. 12(a)(4)(A), Defendant was required to file an answer to the remaining FCRA claim by March 4, 2011. Defendant failed to file an answer. Instead, on March 3, 2011, Defendant's counsel filed a motion to withdraw as attorney, which stated that Defendant, which is no longer in business, could not pay its defense costs and had breached its legal services agreement by failing to pay the agreed-upon fees. Judge Koh granted this motion on April 8, 2011,

2

and ordered Defendant to retain new counsel within 30 days or risk entry of default judgment. Dkt. No. 40. New counsel for Defendant has still not appeared.

The action was reassigned to the undersigned on April 25, 2011. Dkt. No. 44. On May 24, 2011, Plaintiff filed for entry of default and a motion for default judgment. Dkt. No. 46. The motions were brought under Fed. R. Civ. P. 55(a) and Fed. R. Civ. P. 55(b)(1), and were denied. Dkt. No. 52. On December 13, 2011, Plaintiff filed a second motion for entry of default, which was also denied. On February 28, 2012, Plaintiff filed a third motion for entry of default (Dkt. No. 53), which the Court granted on July 10, 2012 (Dkt. No. 59).

Plaintiff now brings two motions for entry of default pursuant to Federal Rule of Civil Procedure 55(a) and one motion for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). Dkt. Nos. 61, 62, 64. The two motions brought pursuant to Rule 55(a) are duplicative of the motions already granted by this court, and thus will be DENIED as moot. The motion for default judgment pursuant to Rule 55(b)(2) is brought in accordance with this court's July 10, 2012 order granting entry of default, and will now be considered.

**II. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), following an entry of default, a court may enter default judgment on the merits of the case against a defendant who has failed to plead or otherwise defend an action. "The district court's decision whether to enter a default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising that discretion, a court should consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). When assessing these seven "Eitel factors," all well-pled allegations in the complaint regarding liability are taken as true, except as to the amount of damages, for which evidentiary support is required. See Fair Hous. of Marin v. Combs, 285 F.3 d 899, 906 (9th Cir. 2002); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam).

3
Case No.: 5:10-CV-01055-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

If the plaintiff is seeking money damages, the plaintiff must "prove-up" any such damages. Amini Innovation Corp. v. KTY Int'l Mktg., 768 F.Supp.2d 1049, 1053–54 (C.D. Cal. 2011). That is, the plaintiff must "provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." Id. (citing Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D.Cal. 2003)); see Schwarzer, Tashima, and Wagstaffe, Federal Civil Procedure Before Trial § 6:80 (2010 ed.). "In order to 'prove up' damages, a plaintiff is generally required to provide admissible evidence (including witness testimony) supporting damage calculations." Cannon v. City of Petaluma, No. C 11–0651, 2011 WL 3267714, at *2 (N.D. Cal. July 29, 2011) (Hamilton, J.) (citing Schwarzer, et al., § 6:94, et seq.)).]

### III. Discussion

#### a. Jurisdiction

Courts have an affirmative duty to examine their own jurisdiction—both subject matter jurisdiction and personal jurisdiction—when entry of judgment is sought against a party in default. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). Here, the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's complaint raises a federal question under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2. Personal jurisdiction arises from service upon Defendant in California. See Dkt. No. 1, Ex. A., Burnham v. Sup. Ct., 495 U.S. 604, 610-11 (1990).

#### b. Adequacy of Service of Process

Because Defendant has appeared in this action, Federal Rule of Civil Procedure 55(b)(2) requires, as a prerequisite to entry of default judgment, that Plaintiff serve Defendant or its representative with written notice of the application at least seven days before the hearing on the default judgment. See Fed. R. Civ. P. 55(b)(2). Here, Plaintiff timely served Defendant the motion for default judgment and all associated pleadings by United States mail to the last known addresses of Defendant. Proof of Service, Dkt. No. 67. Accordingly, the Court is satisfied that service of process was adequate under Rule 55(b)(2).

4
Case No.: 5:10-CV-01055-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**c. Default Judgment**

At the outset, the court notes that several of the Eitel factors weigh in favor of granting default judgment. For instance, failure to enter default judgment in favor of Plaintiff would result in prejudice to Plaintiff. Denying judgment against a defendant who does not participate in litigation deprives the plaintiff of a remedy until such time as the defendant chooses to litigate. See, e.g., Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D.Cal. 2010). Additionally, the parties have not presented any issue of material fact, because the allegations in the complaint are taken as true. Moreover, Plaintiff has provided documentation to verify the factual allegations regarding the underlying dispute. Finally, there is no evidence that Defendant's failure to participate in the litigation is due to the excusable neglect.

Despite these factors weighing in favor of default judgment, Plaintiff's motion nonetheless must be denied because his FAC fails to state a claim. Judgment by default cannot be entered if the complaint fails to state a claim. See Moore v. United Kingdom, 384. F.3d 1079, 1090 (9th Cir. 2004). As Judge Koh previously dismissed Plaintiff's FDCPA claim, only the FCRA claim remains in this case.

Plaintiff alleges that he is entitled to relief under Section 1681s-2 of the FCRA. "The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements…However, § 1681s–2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute from a CRA." Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009) (citing § 1681s–2(c)). Section 1681s-2(b) states that, after receiving a notice of dispute from a credit reporting agency ("CRA"), the furnisher of information shall:

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2) ...;

(C) report the results of the investigation to the [CRA];

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information ...; and

5

> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1) ... (i) modify ... (ii) delete[or] (iii) permanently block the reporting of that item of information [to the CRAs].

Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009) (citing 15 U.S.C. § 1681s-2(b)(1)).

Thus, to state a claim for a violation of 15 U.S.C. S 1681s-2, Plaintiff must show that a CRA informed Defendant of a dispute. Gorman, 584 F.3d at 1154 ("These duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)).

Plaintiff has made no such showing. Though the FAC describes in detail Plaintiff's communications with Defendant regarding the erroneous debt Defendant had placed on his credit report, Plaintiff does not include any allegation that a CRA also notified Defendant of a dispute. Because Plaintiff only alleges that he and his attorneys, but not a CRA, raised the dispute with Defendant, he has failed to state a claim under the FCRA. Plaintiff's Motion for Default Judgment is therefore DENIED.

### IV. Conclusion

For the foregoing reasons, the court DENIES Plaintiff's Motion for Default Judgment. Plaintiff may file an amended complaint within 30 days of this order. Plaintiff is advised that failure to file an amended complaint within the time provided, or failure to amend the complaint in a manner which remedies the deficiency identified in this order, may subject the complaint to dismissal without further notice.

**IT IS SO ORDERED.**

Dated: January 2, 2013

_____
EDWARD J. DAVILA
United States District Judge